## JAMES & FLACK *against* HACKLEY and others, Administrators, &c.

THIS was an action of *assumpsit* brought against the defendants, as the administrators of *Chauncey Woodruff*, deceased. The declaration contained counts for goods sold and delivered to the intestate, and the usual money counts; and the promises were alleged, in one set of counts, to have been made by the intestate, and in the other, by the administrators. There were, also, counts on an *insimul computassent* with the deceased, and with the administrators. Of the three administrators, *Hackley*, *Ford*, and *Gifford*, *Ford*, only appeared and pleaded, 1. Payment by the administrators; 2. Judgments outstanding, and *plene administravit*, *praeter*, &c.; and, 3. That he, the defendant, *Ford*,

An admission by one of several executors or administrators, of a debt due from the testator or intestate, does not conclude the others from showing, that the debt had been paid.
One of several administrators having assumed the payment of a debt due from the intestate to the plaintiffs, received money of the estate to the amount of the debt, in order to pay it, and gave his note to the plaintiffs for the amount; he continued solvent for three years afterwards, during which period the plaintiffs extended their credit to him, by receiving a new note, and he then failed, having never paid the debt. It was held, that under the circumstances of the case, it might be intended that the note of the administrator was accepted in satisfaction of the debt; and besides, that the plaintiffs, after indulging him for such a length of time, must submit to a loss attributable to their own neglect, and could not throw it upon the estate of the intestate.

as administrator, did not undertake and promise, &c. The plaintiffs replied, admitting that the defendants had fully administered, and praying judgment of assets, *quando*, &c. and an issue was taken on the plea of payment. The cause was tried before the late Chief Justice, at the *Albany* circuit, in *April*, 1818.

At the trial, the plaintiffs produced in evidence a writing signed by the defendant, *Hackley*, which was as follows : " I do certify, that on the 15th day of *April*, 1815, there was due from the estate of *Chauncey Woodruff*, deceased, to Messrs. *James & Flack*, the sum of 500 dollars and 41 cents, which was the balance due, on a note given by *Aaron Hackley*, jun. *April* 6th, 1813, on settlement of the accounts between said estate, and *James & Flack*, and that the said first mentioned sum and interest, still remains due and unpaid, and is a demand against said estate, and now justly due. *Herkimer*, *August* 24th, 1816. *Aaron Hackley*, jun. one of the administrators."

The defendant produced an account, in the handwriting of one of the plaintiffs, in which the intestate was charged with the sum of 244 pounds 4 shillings and 9 pence, and underneath was written the following receipt; " *Albany*, *April* 1st, 1813. Received *Aaron Hackley*, junr's. note in full, *Wm. James*." The note here alluded to, was as follows : " For value received, I promise to pay *James & Flack* or order, six hundred and ten dollars 59 cents, (being the amount of their account against *Chauncey Woodruff*, deceased, saving and excepting all errors,) payable six months after date, with interest. *Albany*, 6th of *April*, 1813. *Aaron Hackley*, jun."

The defendant also produced another account, rendered by the plaintiffs to *Hackley*, in which the latter was credited with the sum of 74 pounds 3 shillings 9 pence, in cash, and was charged with a balance of 200 pounds 3 shillings 4 pence, on the 15th of *April*, 1815. Under the account was this receipt, " Received note at 4 months, *James & Flack*." The last mentioned note was given to the plaintiffs by *Hackley*, for 510 dollars 41 cents, being for the above balance, with the discount, until the time of payment ; it was payable at the office of the *Manhattan Company* in *Utica*, and was

endorsed by the plaintiffs to *M. Hunt.* This note was not NEW-YORK,
paid when it fell due, and was, afterwards, re-delivered by May, 1819.
the plaintiffs to *Hackley.*

JAMES
v.
HACKLEY.

It was further proved, on the part of the defendant, that
at the time when the certificate was given by *Hackley* to the
plaintiffs, *Hackley* was insolvent, and that the fact was
known to the plaintiff *James,* at the time that he received it.
It was given without the knowledge of the other defendants,
and *Ford,* as soon as he learned the circumstance, expressed
his dissatisfaction. *Hackley* was a merchant in good stand-
ing, from 1813 to 1816, and paid his debts, but failed in the
spring of 1816, and became totally insolvent. It was also
proved, that *Hackley* had received money of the estate, to
the amount of the debt due to the plaintiffs, in order to pay
it, and which debt he had assumed.

A verdict was found for the plaintiffs, subject to the opi-
nion of the Court, on a case containing the facts above
stated.

*Henry,* for the plaintiffs, contended, 1. That the written
acknowledgment of *Hackley,* one of the administrators, was
sufficient evidence of the debt, and was binding upon all.
Where there are several executors or administrators, their
interest in the goods of the testator or intestate, is joint and
entire. (1 *Comyn's Dig.* 342. *Adminis. B.* 12.) There
is no distinction, in this respect, between executors and ad-
ministrators. The opinion of Lord *Hardwicke,* in *Hudson*
v. *Hudson,* (1 *Atk.* 461.) recognizing a distinction, has been
doubted and overruled. (*Shep. Touchst.* 484, 485. *Jacomb*
v. *Harwood,* 2 *Vesey,* 265. 267.)

2. The note given by *Hackley,* was no extinguishment of
the debt due by the testator. This Court has repeatedly
decided, that a bill or note of the debtor, or of any other
person, is no payment of a precedent debt, unless it is ex-
pressly so agreed. (*Murray* v. *Governeur,* 2 *Johns. Cas.*
438. *Herring* v. *Sanger,* 3 *Johns. Cas.* 71. *Tobey* v. *Bar-
ber,* 5 *Johns. Rep.* 68. *Schermerhorn* v. *Loins,* 7 *Johns. Rep.*
311. 9 *Johns. Rep.* 310. 8 *Johns. Rep.* 388. 11 *Johns.
Rep.* 409.) The case of *Arnold* v. *Camp,* (12 *Johns. Rep.*

409.) which may be cited by the defendants, was peculiar in its circumstances, and is not in point.

*Ford* and *H. Bleecker*, contra. Though one administrator may, perhaps, acknowledge a debt really existing; yet he cannot create a debt, or revive one already extinguished or paid, so as to bind his co-administrator. One executor cannot confess a judgment so as to bind his co-executors. (1 *Str.* 20. *Toller's L. of Executors*, 359, 360.) The Court will protect the estate against the misconduct or fraud of one of the executors. The plaintiff received the promissory note of *H.* as if he had been a stranger, and gave a receipt in full for the debt due by the intestate. The giving the note was equivalent to the payment of so much money. (8 *Johns. Rep.* 206. 5 *Mass. Rep.* 299. 2 *Esp. N. P. Rep.* 571. 5 *Esp. N. P. Rep.* 122. 3 *Mass. Rep.* 403. 11 *Johns. Rep.* 468.)

Again; the giving up the first note, and taking a new one at a longer credit, amounts to a payment of the first note. (2 *Wils.* 355. 1 *Esp. N. P. Rep.* 3. 3 *Johns. Cas.* 371. 5 *Johns. Rep.* 72.) The party who is guilty of *laches*, makes the debt his own. So, the principle laid down in *Cheever* v. *Smith*, (15 *Johns. Rep.* 276.) is applicable. If a man deal with another's agent, and gives him a receipt for a sum of money which he had a right to pay, and on the faith of that receipt the principal settles with the agent, and pays him money, the party who gave the receipt cannot, after such settlement, charge the principal with the payment of the same sum again, on the ground of mistake. (*Newmarch* v. *Clay*, 14 *East's Rep.* 239.)

Again; it is a general principle, wherever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss, must sustain it. (2 *Term Rep.* 70. per *Ashhurst*, J.)

*Henry*, in reply, said, that in law, as well as common sense, where a receipt in full is given for a debt, on taking a note, it means, that *when paid* it shall be in full. The note merely suspends the right of action during the

time it has to run. It does not extinguish the debt. (*Put-* *nam* v. *Lewis,* 8 *Johns. Rep.* 389.)

The true question is, whether the note was taken with an express agreement that it should be a payment of the debt? The object of this suit is, to obtain payment of the debt out of the *assets* of the intestate. No delay, or lapse of time, short of the period of limitation, will amount to a bar, or prevent the *assets* from being made liable. (*Hamersly* v. *Lambert,* 2 *Johns. Ch. Rep.* 508.) This is the case of administrators seeking to exempt the assets from the payment of a debt of the intestate. The cases cited on the other side are not applicable.

If the note of a third person would not be payment of a debt, without an express agreement to that effect ; *a fortiori,* the note of the party himself can be no payment.

SPENCER, Ch. J. delivered the opinion of the Court. Two questions have been made, 1. Whether the written admission by *Hackley,* one of the admistrators, in *August,* 1816, is conclusive evidence of the debt ; and, 2. Whether the notes of *Hackley,* under the circumstances of the case, are to be regarded as an extinguishment or satisfaction of the debt against the intestate ?

There can be no doubt, that if administration be granted to several persons, either of them has authority to receive any debt due to the intestate ; and, in general, the powers of an administrator, where there are several, is equal to that of an executor, under the same circumstances ; but a single administrator or executor, where there is a plurality of them, cannot create a debt against the intestate, where none existed. In the case of *Elwell* v. *Quack,* (1 *Str.* 20.) one of three executors gave a warrant of attorney to confess judgment against all of them, and judgment was entered against all, *de bonis testatoris,* which was set aside on motion, for they may sever in their pleas, and the one most beneficial to the estate shall prevail. The admission by *Hackley,* of the existence of the debt, did not conclude *Ford* from showing that it had been paid. To maintain the contrary, would be subjecting the estate of an intestate to entire destruction, if one of the administrators is faithless to his trust. The issue

in this case is joined on the plea of one of the administrators, and it was competent for him to make any defence under the issue, showing that there was no debt due to the plaintiffs, or that it had been extinguished.

The acceptance of a negotiable note for an antecedent debt, will not extinguish such debt, unless it is expressly agreed, that it is received as a payment. This point has been frequently so ruled in this Court. (11 *Johns. Rep.* 414. and the cases there cited.) The facts in this case are extremely strong to show that *Hackley's* notes were received in payment of the debt due from the intestate. But there is another view of the subject, which I apprehend is decisive against the plaintiffs; they accepted *Hackley's* note in 1813, for the balance of the debt due from the intestate, and gave him a receipt in full, in consequence of his having given the note; and it appears that *Hackley* having assumed to pay this debt, he received the moneys of the estate to the amount of the debt assumed, in order to pay it; and it is fairly to be inferred, that *Hackley* thus received the moneys of the estate, because he had given to the plaintiffs his note and taken their receipt in full. *Hackley's* note was good, and continued to be so, for three years after; in the mean time, the plaintiffs again extended the credit given to him. At any time from 1813 to 1816, the plaintiffs, by pressing *Hackley*, might have received the money; but now, by the insolvency of *Hackley*, either the plaintiffs or the intestate's estate must lose the debt.

The case of *Arnold* v. *Camp*, (12 *Johns. Rep.* 409.) is very much in point; there the plaintiff held the promissory note of *Camp* and *Downing*, who were partners; the partnership note was given up by the plaintiffs, and one of the partners, *Downing*, gave his own note to the plaintiff; and it appeared that *Camp* had given *Downing* property to take up the partnership note. We held, that the individual note of *Downing* was intended to be given, and was actually received, in satisfaction of the partnership note; and several cases are there referred to by the late Chief Justice in support of the principle. In *Cheever* v. *Smith and others*, (15 *Johns. Rep.* 276.) this principle was adopted, that if a man deals with another's agent, and gives the agent a receipt

NEW-YORK,
May, 1819.

OVERSEERS OF
AUGUSTA
v.
OVERSEERS OF
PARIS.

for a sum of money which the agent has a right to pay, and on the faith of that receipt the principal settles with the agent, and allows the sum paid, the party giving the receipt cannot lie by, until after a settlement between the principal and agent, and then charge the principal with the same sum again. And where both parties are equally blameless, and a loss is to be sustained by one of them, it must fall on him who occasioned it. That principle is applicable here, for the administrators are agents, appointed by law, to administer upon the estate of the intestate, to collect his debts and pay them. When, therefore, *Hackley*, one of the administrators, produced to his co-administrators, evidence that the plaintiffs had received his note in full of his demands on the estate, they knowing that *Hackley* was solvent and able to pay his note, were justified in paying to him the amount he had thus assumed; and the plaintiffs, by their indulgence to *Hackley* for so long a period, must either submit to a loss attributable entirely to their own neglect, or throw that loss on the estate of the intestate. The plaintiffs have trusted most; they have occasioned the loss, and they ought, in law and equity, to bear it.

Judgment for the defendants.