ISAAC H. BAILEY, RECEIVER, ETC., PLAINTIFF, *v.* SUSAN SPOFFORD AND OTHERS, EXECUTORS, ETC., DEFENDANTS.

*Executor — power of to charge estate, by indorsing note.*

One of several executors has no power to charge either the estate or his co-executor by indorsing a note in the name of the estate, even though it be given in renewal of one indorsed by the testator in his lifetime.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a dismissal of the complaint at the Circuit.

*George Bliss*, for plaintiff. The indorsement, "Estate of Paul Spofford, by P. N. Spofford, Ex'r," if made merely in renewal of a liability of the testator, bound the estate, and the plaintiff was entitled to have the case submitted to the jury. The

act of the one executor is as binding as if all had joined in it. (*Wheeler* v. *Wheeler*, 9 Cow., 34; *People* v. *Keyser*, 28 N. Y., 226, 232; 2 Williams on Executors, 1013, [Ed. of 1877]; *Dunham* v. *Dey*, 15 Johns., 554.) There seems to be no decision directly in point, either in this State or elsewhere, but the position taken by the plaintiff is fairly deducible from the decided cases. (*Mc-Sorley* v. *Leary*, 1 N. Y. Leg. Obs., 410; *Bank of Troy* v. *Topping*, 13 Wend., 557; *Chouteau* v. *Suydam*, 21 N. Y., 179; *Cary* v. *Gregory*, 38 N. Y. Superior, 127; *Schoonmaker* v. *Roosa*, 17 Johns., 301.)

*J. H. Choate*, for defendant. Assuming that the testator, at the time of his death, was indebted to the bank, upon notes or otherwise, to an amount equal to that of the notes, the executors had no authority to bind the estate by indorsing a note for that amount, payable at a future day to the bank. (*Austin* v. *Monroe*, 47 N. Y., 360; *Ferrin* v. *Myrick*, 41 id., 315; *Reynolds* v. *Reynolds*, 3 Wend., 244; *Myer* v. *Cole*, 12 Johnson, 349; *De Mott* v. *Field's Administrator*, 7 Cow., 58.) In this case, however, as to the three executors, Susan Spofford, Gardiner S. Spofford, and Joseph L. Spofford, no case whatever was made out; for no principle is better settled than that, where there are several co-executors, one cannot bind the others by a new promise to pay in future even a debt of the estate, and that such a promise, or an admission of an indebtedness, on the part of the estate, by one, cannot be received in evidence as against his co-executors. (*Hammon* v. *Huntley*, 4 Cow., 493; *Forsyth* v. *Ganson*, 5 Wend., 558; *Elwood* v. *Diefendorf*, 5 Barb., 398; *Cayuga Co. Bank* v. *Bennett*, 5 Hill, 236.)

DAVIS, P. J.:

The court below dismissd the complaint on the ground that the indorsement of the several notes shown to have been made by Paul N. Spofford, one of the executors, did not charge the estate of the testator. If this ground of dismissal was a sound one, the evidence tending to establish the protests of the notes by entries in the book of the bank made by the deceased clerk, became wholly immaterial.

It appears that the testator in his lifetime was a second indorser of a series of notes given to and discounted by the National Bank of the Commonwealth, of which the plaintiff is receiver. The executors of the testator are Susan Spofford, Paul N. Spofford, Gardner Spring Spofford and Joseph L. Spofford. After the maturity of the last of the notes indorsed by the testator, several renewal notes were given by B. J. Howland, the maker, which were indorsed by the payee, and also by Paul N. Spofford, one of the executors, in the following form : " Estate of Paul Spofford, by Paul N. Spofford, executor." These renewals and indorsements were repeated from time to time, down to the making and indorsement of the notes in suit, both of which were indorsed in the form above stated by Paul N. Spofford, one of the executors.

The court in dismissing the complaint held that these indorsements did not charge the estate, and that an action would not lie thereupon against the executors. We are of the opinion that this decision was correct, and that one of the several co-executors can not bind the others nor the estate by an instrument executed by himself alone, although it be in fact an extension or admission of an indebtedness which existed against the testator before his decease. This view is sustained in principle by *Hammon* v. *Huntley* (4 Cow., 493); *Forsyth* v. *Ganson* (5 Wend., 558); *James* v. *Hackley* (16 Johns., 273); *Elwood* v. *Diefendorf* (5 Barb., 398.) It is not shown that Paul N. Spofford, one of the executors, was authorized by his co-executors to make the indorsements, nor does it appear in the evidence that the other executors knew of or consented in any form to the renewed indorsement. Another question would be presented if all the executors had concurred in the act of indorsement; but that question is not now before us, nor is the question before us whether or not Paul N. Spofford could in a proper action be held liable individually by that indorsement. We think the case should be disposed of on the naked proposition passed upon by the court below, to wit, that one of several executors had not power to charge either the estate or his co-executors by an indorsement made by himself alone. And this conclusion renders it unnecessary to pass upon the question whether the bank book was properly excluded, because that question becomes wholly immaterial in the case.

The motion for a new trial should be denied, and judgment ordered on the exceptions for the defendant.

BRADY and INGALLS, JJ., concurred.

Motion for a new trial denied, and judgment ordered on the exceptions for the defendant.