## ELIZA GLENN, RESPONDENT, v. LOUISE C. BURROWS AND OTHERS, APPELLANTS.

*Note given by a deceased person — when the holder does not release the estate by accepting a note signed by the executors — laches in prosecuting a claim — evidence — what is admissible as constituting a part of the* res gestæ.

One .Burrows died on March 30, 1879, leaving a last will and testament under which letters testamentary were issued to four executors named therein. Pursuant to a written instrument signed by the other executors the sole management of the estate was committed to two of the executors, Warner and Stewart, who took charge thereof until the death of the latter in February, 1883, and thereafter Warner alone managed the same until August, 1884, when he, having become a defaulter, absconded. Warner had so wasted and depleted the estate as to make it doubtful whether the remaining assets would discharge the debts and liabilities, although at the time of Burrows death the assets were more than sufficient for the discharge of all debts, legacies and devises.

In May, 1876, the testator had given to the plaintiff his promissory note for $2,000, payable six months after date, with interest at six per cent. January 31, 1880, Stewart and Warner gave to the plaintiff a new note, signed by them as executors, for $2,000, payable six months after date with interest at five per cent. The first note was then surrendered to them. On March 14, 1881, another note for $2,150, the amount of the second note and the interest then due, with thirty-eight dollars then advanced to the executors, was signed by the same executors and given to the plaintiff, who then surrendered the second note. Interest upon the last note was paid up to March 14, 1884.

This action was brought by the plaintiff against the executors, and the devisees, legatees, heirs-at-law and next of kin of the deceased, to recover the amount due to her.

*Held,* that it was proper to receive the testimony of the plaintiff as to the conversation she had with the two executors at the time she surrendered the note of the testator, as it was a part of the *res gestæ* and tended to characterize the transaction and prove the understanding under which the parties acted.

That as it appeared from the circumstances surrounding this transaction that it was not the intention of the parties to give up the rights which the plaintiff had against the testator's estate under his note, that the claim of the plaintiff against the estate was not discharged by the surrender of the testator's note and the acceptance of the renewal notes signed by the executors.

That the plaintiff had not been guilty of any laches which should prevent her from resorting to the legatees and others above named to recover such amount as might be necessary to satisfy her claim.

That she was not, however, entitled to recover from the estate the thirty-eight dollars advanced to the executors when the third note was given.

APPEAL by the defendants from a judgment, entered upon a decision made at the Orleans County Special Term.

The action was brought in behalf of the plaintiff, and others in like manner interested who might come in, against the surviving executors of the will of Roswell S. Burrows, deceased, the devisees and legatees of his will, and the heirs and next of kin of the deceased having any right to share in the estate of the testator. The purpose of the action is to recover against the executors the amount of an alleged claim of the plaintiff, and to charge the devisees, legatees. heirs and next of kin for any deficiency, to the extent of the receipt by them of the proceeds of the estate of the testator since his 'decease, and for the appointment of a receiver to take charge of the estate.

Roswell S. Burrows died March 30, 1879, and upon probate of his will letters testamentary were issued to Louise C. Burrows, William R. Burrows, Albert S. Warner and Alexander Stewart, who accepted the trust. The sole management of the estate was committed to Warner and Stewart in accordance with the provisions of a written instrument to that effect executed by the other executors, and they continued to do so until the death of Stewart in February, 1883, when the execution of the trust was in like manner devolved upon Warner alone, who continued in the sole management until in August, 1884, when he, having become a defaulter to the estate for a large amount, absconded from the State of New York. In the meantime he had wasted and so depleted the estate that it was apprehended that there was a deficiency of assets to meet the debts and liabilities.

In May, 1876, the testator had made to the plaintiff his promissory note for $2,000, due at six months with interest at the rate of six per cent per annum. And from time to time up to May 27, 1879, payments of interest were made and indorsed upon the note. On the 31st of January, 1880, the executors, Stewart and Warner, paid the interest to that time, and gave to the plaintiff a note of that date for the principal sum $2,000, due at six months with interest at the rate of five per cent per annum and to their names, subscribed to the note, added their representitive title of " executors of estate of R. S. Burrows." The first mentioned note was delivered up to them with an indorsement upon it " paid $81.33 interest to January 31, 1880. Made new note for $2,000, six months, five per cent, Eliza Glenn,"

and on 14th March, 1881, another note for $2,150, due at six months, with interest at five per cent, was made to her by the same executors and subscribed by them in like manner. The amount of this note was made up of the principal and interest of the preceding one, and thirty-eight dollars then advanced to them by the plaintiff, to make the sum for which it was made, and their other note was then surrendered. Upon the note for $2,150, last given, was paid and indorsed the interest from time to time up to March 14, 1884, but none of the principal sum secured thereby has been paid. The trial court directed judgment, which was entered substantially for the relief prayed for by the complaint, and that the receiver before then temporarily appointed be continued. The defendants took exceptions to the several conclusions of the court, except that in respect to the receiver, to which no opposition was finally made.

*Shuart & Sutherland*, for the appellants.

*John Cunneen*, for the respondent.

BRADLEY, J. :

The question is whether the claim of the plaintiff, which was evidenced by the promissory note of the testator, Roswell S. Burrows, was at the time of the commencement of this action properly chargeable against his estate. The contention on the part of the defendants is : 1st. That the debt of the testator was paid and discharged as against his estate, by the acceptance of the notes of Stewart and Warner : 2d. That by laches on the part of the plaintiff in thus taking their notes, she has denied to herself the right to share in the estate to the prejudice of the other creditors, and the devisees and legatees of the will.

The defendants have not alleged payment or satisfaction of the plaintiff's claim as against the estate. And although it may be questionable whether on the trial that issue was treated as in the case, we are disposed to consider it on the merits in that respect. The trial court found that there was no agreement or understanding to that effect at the time of the making by the executors of the notes or either of them to the plaintiff, and that her debt as against the estate of the testator was not paid or extinguished, and this conclusion is supported by the evidence. The plaintiff states the

circumstances attending the giving of those notes, and under which she accepted them and surrendered that given to her by the testator. And they were such that no purpose on her part, or on theirs, was evinced to relinquish the liability to her which the original note imported or to substitute for it the personal undertaking of Stewart and Warner, but it appeared that on their suggestion the new note was given and taken in renewal of the original one, and to continue in that form and at a less rate of interest the evidence of the claim against the estate. Ordinarily the surrender by a creditor to the debtor of the promissory note of the latter on the acceptance of a note of a third person for the amount is *prima facie* evidence that it is taken in satisfaction of the note so surrendered. (*Youngs* v. *Lee*, 12 N. Y., 551; *Pratt* v. *Coman*, 37 id., 440; *Phœnix Ins. Co.* v. *Church*, 81 id., 218, 225.) But whether the original debt is in fact discharged depends upon the intention of the parties as evidenced by the agreement and circumstances under which the note and the surrender were made. There is no presumption of discharge of a precedent debt by the delivery to and acceptance by the creditor of a note or other obligation of a third person on account of it, but the fact depends upon evidence for its support. (*Tobey* v. *Barber*, 5 Johns., 68; *Noel* v. *Murray*, 13 N. Y., 167; *N. Y. S. Bank* v. *Fletcher*, 5 Wend., 85; *Van Eps* v. *Dillaye*, 6 Barb., 244; *Crane* v. *McDonald*, 45 id., 354.) The two executors were representatives of the deceased maker of the note held by the plaintiff, and as such were treated by her. They, assuming to act in that representative capacity, received the note of their testator from the plaintiff and renewed it "as evidence of the old debt." This relation of those two persons, the manner in which the business was done, and the purpose in view, as indicated on the occasion, are circumstances taking from the transaction the apparent effect which ordinarily might be given to the surrender of a security on taking from the debtor the obligation of a third person in place of it. They give to the note the appearance of that of such representatives by adding that character to their names subscribed to it. The two executors could not, by their note as such, create a liability of, or charge the estate. A note made by them, with their title of executors added, could be treated as theirs and they alone as liable upon it. But in an action against them on their note, given on account of a debt actually due

from the estate, and upon no other consideration, the deficiency of assets would constitute a defense in their behalf founded on the fact of want of consideration. (*Bank of Troy* v. *Topping*, 9 Wend., 273 ; S. C., 13 id., 557.)

This action is not founded upon the note of the executors, but proceeds upon the assumption that the debt which the testator owed the plaintiff remains undischarged and to enforce its payment. It becomes unimportant to inquire what obligation or liability the individual executors assumed or incurred to the plaintiff upon their note, further than to ascertain its effect (if any) upon the testator's debt to her and upon the question of liability of the estate to pay it. We think the surrender of the original note to the executors, and taking of theirs and afterwards taking in renewal of the latter the note of March, 1881, did not, in view of the circumstances, have the legal effect to discharge the original debt represented by the testator's note. The notes of the executors may have had the effect, and probably did operate, to suspend legal proceedings to enforce payment until maturity and default in their payment. And it is in that view that the learned counsel for the defendants contend that the plaintiff was chargeable with laches, which defeated her right to relief, in so far as the rights of others are prejudiced by it.

At the time of the death of Burrows his estate was abundantly sufficient to pay his debts and produce a respectable surplus for the devisees and legatees of his will. It was greatly depleted by the unlawful appropriations and use made of it by the executor Warner while under his management, so that the assets unadministered are deemed insufficient to discharge the remaining debts, and there may be a liability of the legatees and devisees to account for what they had received of the estate, and to pay over the same or a portion of it to meet such deficiency. And it may be that the plaintiff might have obtained payment from the executors early, if she had required it, of the debt due her. And it is possible that if it had then been paid, the assets of the estate would have been no less and in no worse condition than they were at the time this action was commenced. But it is difficult to see how the defendants can legitimately assert the abuse and breach of the trust by the acting executors, and the consequent impairment and waste of the estate, in support of the charge of laches on the part of the plaintiff, for

it is only from the depletion thus occasioned that prejudice results to the other creditors and the devisees and legatees. There was no legal duty on the part of the plaintiff to insist on payment or to take any proceedings to enforce it within the time covered by the extension given to the executors to pay. No notice was given by them to creditors to present their claims, and her's was not disputed. The plaintiff was not required to apprehend that those executors would, in violation of their trust, appropriate and dissipate the estate which was given into their exclusive charge and management, by the other executors, who were also clothed with authority and charged with duty which they deemed it unnecessary for them to exercise by reason of confidence in their two acting associates. It does not appear that the two executors who made the note to the plaintiff treated it as so much paid by them, or deemed themselves entitled to credit for the amount, or that they received or took any funds from the estate in consequence of liability so assumed. Nor does it appear that the dormant executors in any manner understood that the debt was paid or that the estate was relieved from it, or that any funds were displaced in consequence. In fact, so far as appears, none of the parties had reason, from anything of which they were advised, to understand or assume that the debt as against the estate was discharged.

In *James* v. *Hackley* (16 Johns., 273), one of several administrators gave his individual note for the amount of an alleged debt of the intestate to the payee, and afterwards gave another in renewal, and having thus assumed the debt he received money of the estate to pay it, and three years after giving the note became insolvent. It was held that the administrators as such were not liable to pay the debt for the reason that the note of Hackley was deemed taken in satisfaction of the debt in view of the circumstances attending as well as following the taking of his note, and upon other grounds. That case furnishes no support for the defendant's contention here.

There was no error in the reception of the testimony of the plaintiff relating to the conversation she had with the two executors at the time they received the testator's note and gave her theirs. The statements made by them at that interview were competent as part of the *res gestæ* to characterize the transaction of

taking the one and giving the other note, and to prove the understanding between them under which it was done. and the evidence was received for that purpose only. The testator's note having been surrendered to the executors, one element of fact involved was whether it was or was not done under circumstances which would discharge the debt as against the estate, which rendered the evidence of the transaction admissible, of which the declarations attending and relating to it constituted a part. None of the exceptions to refusals to find as requested were well taken. The court was not required to find the evidence of facts, nor facts not material to the issues nor such as were not unquestionably established by the evidence.

The conclusions of law are justified by the facts found, and they are supported by the evidence, except the finding of the fact that there was $2,150 and interest from 14th March, 1884, due and unpaid upon the debt in question, when it should have been thirty-eight dollars less, as the latter sum was advanced to the two executors in March, 1881, and constituted no part of the debt which the testator owed her. And to that extent the exception to that finding was well taken. (Code Civil Pro., § 993.)

The judgment should be modified by deducting from the amount of it thirty-eight dollars and interest from March 14, 1884, and, as so modified affirmed, with costs to be paid by the receiver out of the proceeds of estate.

SMITH, P. J., and BARKER, J., concurred.

So ordered.