JOSEPH H. SHUTE ET AL., PLAINTIFFS' IN ERROR, v. GEORGE E. TAYLOR ET AL., DEFENDANTS IN ERROR.

The rule "that, when two persons contract as principal debtors, but by arrangement *inter sese* one of them is or subsequently becomes surety for the other, the creditor, if informed of this relationship, is bound to treat the surety, with regard to that contract, in the same manner as if he had contracted as surety," is not enforceable against the creditor, when suing on the contract, in the courts of law of this state; the surety's remedy is in chancery.

On error to the Gloucester Circuit.

For the plaintiffs in error, *John J. Crandall.*

For the defendants in error, *Robert S. Clymer.*

The opinion of the court was delivered by

DIXON, J. This action was brought in the Circuit Court of Gloucester county against Joseph H. Shute and Josiah H. Shute upon a book account for goods sold and delivered by

the plaintiffs, and upon bills of exception sealed at the trial two questions are raised—*first*, whether the court erred in refusing to charge, further than it had charged, that notice of a fact to the plaintiffs' agent was notice to the plaintiffs, and *second*, whether the court erred in refusing to charge that, if the defendants had purchased the goods as partners, and afterwards one of the partners had retired from the firm under an agreement which bound the other to pay all the partnership debts, and these facts had been communicated to the plaintiffs, and then the plaintiffs, by accepting the note of the remaining partner, had extended the time for the payment of the debt, without the consent of the retiring partner, the latter was thereby discharged.

With respect to the first point, we think the court had already charged substantially as requested.

On the second point the court had gone no further than to charge that if the plaintiffs, in accepting the note of the single partner, intended to release the firm, then the retiring partner was discharged. *Swain* v. *Frazer*, 8 *Stew. Eq.* 326 ; *American Brick Co.* v. *Drinkhouse*, 30 *Vroom* 462.

The refusal of the court therefore requires us to decide whether it is the duty of courts of law to enforce the rule that when two persons contract as principals, but by arrangement *inter sese* one of them is, or subsequently becomes, surety for the other, the creditor, on being informed of this relationship, is bound to treat the surety, with regard to that contract, in the same manner as if he had contracted as surety.

All courts of equity, and in this country most courts of law, I think, maintain this principle. See *Pain* v. *Packard* and subsequent cases and notes, 2 *Am. Lead. Cas.* 362.

But in New Jersey our legal tribunals have uniformly declined to sanction the doctrine, holding that at law the rights of the creditor, as defined by the contract, cannot be altered without his consent, and one of those rights is to treat each of the debtors as a principal.

The following cases support this statement:

In *Manning* v. *Shotwell*, 2 *South.* \*584, the defendants had given the plaintiff a sealed bill, and afterwards one of them told the plaintiff that he was only a surety. With this knowledge the plaintiff agreed with the other defendant to give further time for payment. But, notwithstanding the dissent of Mr. Justice Southard, the Supreme Court decided that in law this formed no defence for the surety.

In *Pintard* v. *Davis, Spenc.* 205, Mr. Justice Nevius, delivering the opinion of the Supreme Court, said: "Where a creditor gives time to the principal, a surety cannot avail himself of that defence unless it appears on the face of the instrument that he is such surety, and even in that case his relief is in equity and not at law." Although this was mere *dictum*, and in the last clause is probably incorrect, yet it shows the trend of judicial opinion.

In the same case (1 *Zab.* 632), Mr. Justice Carpenter, speaking for this court, said of a sealed contract: "If bound as a principal, a defendant cannot aver at law, in an action upon the instrument, that he is only a surety, although in equity parol evidence is admissible to show who is principal and who surety."

In *Paulin* v. *Kaighn*, 3 *Dutcher* 503, 508, is a similar *dictum* by Chief Justice Whelpley.

Finally, in *Anthony* v. *Fritts*, 16 *Vroom* 1, the subject was fully considered in the Supreme Court, and, after discussing the cases, Chief Justice Beasley announced as the decision, "that in a suit at law against two makers of a promissory note, one of them cannot set up as a defence that he was known to the payee to be an accommodation maker, and that the payee bound himself by legal contract to the other maker to give him time for payment," and that "in such cases, a mere equity arises, and the remedy is in chancery."

In view of these indications of judicial opinion so long prevailing, and inasmuch as the matter concerns, not rights, but only remedies, we think it should be considered settled that in an action on the contract the creditor will not be held

at law bound to treat as sureties those who contracted as principals, merely because they were in fact, or became sureties, to his knowledge.

We find no error in the record, and the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, COLLINS, DIXON, GUMMERE, LUDLOW, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH.    11.

*For reversal*—None.