Grier *v.* Flitcraft.

---

## GEORGE B. GRIER

### *v.*

## FRANKLIN FLITCRAFT.

[Decided September 27th, 1898.　Filed September 27th, 1898.]

1. Where one who signs a note as principal is in fact a surety, and claims to be released because the holder has given to the real principal further time for payment, his remedy is by bill to restrain the collection of the note. He cannot in such a case set up his suretyship as a defence in an action at law on the note.

2. Mere delay in enforcing a note without fraudulent connivance between the maker and payee does not release the surety. There must be a binding agreement on a new consideration for an extension.

3. A bill for injunction to restrain enforcement of a note against a surety, because of an extension to the principal, should state facts from which the court can determine whether the alleged extension was a violation of the surety's rights. Hence an averment which fails to give the time, circumstances and consideration of the extension agreement, is insufficient.

4. Nor will a preliminary injunction be allowed where the complainant's proofs denied by defendant state the conclusions of the witnesses that there had been an extension, without setting forth the circumstances from which the fact can be adjudged.

Grier *v.* Flitcraft.

On bill and affidavits. Order to show cause and answering affidavits.

*Mr. J. Boyd Avis,* for the complainant.

*Mr. Enoch S. Fogg,* for the defendant.

GREY, V. C.

This bill is filed by the complainant, Grier, who, on the face of a promissory note, appears to be a joint maker with one Avis. The complainant alleges that he is in fact only a surety ; that the defendant, Flitcraft, the promisee and holder of the note, knew this, and with this knowledge gave the complainant no notice of non-payment within a reasonable time, and without the consent of the complainant has extended to Avis, the principal debtor, the time of payment on the note, and. that the effect of this omission and action on the part of the defendant has been to operate as an equitable discharge of the complainant from his suretyship. The defendant holder of the note having brought suit against the complainant, the latter by this bill now asks an injunction restraining the further prosecution of that suit, and has obtained the order to show cause why such an injunction should not issue, &c., which he now seeks to have made absolute.

It must be considered as settled in this state that a creditor holding a contract of two or more persons, who have on its face stipulated as principals, will not in a court of law be held bound to treat as sureties any of the defendants who have contracted as principals, even if they are in fact sureties and the creditor knows it. If such a contractor is in truth a surety, and because of that relation and the creditor's knowledge of it, and his action having that knowledge, the surety claims any remedy, it must be held to be merely an equity, not cognizable at law, and the surety's relief must be in the court of chancery. *Anthony* v. *Fritts, 16 Vr. 1 ; Taylor* v. *Shute, 32 Vr. 256.* The complainant is, therefore, rightfully in this court for the remedy he seeks.

The complainant, in support of his claim to an injunction,

offers his own affidavit and that of his co-promisor, Avis, and relies on these to prove his suretyship in the contract, and the defendant's knowledge of it, and the extension of the time of payment of the note.

The principle under which a surety is held to be discharged if the time of payment named in the contract be extended, is elementary. The surety with his principal has entered into a contract with the creditor for the payment of money. The time of payment is an essential incident of such contract. If the creditor surrenders or changes the contract, or postpones the time of payment without the consent of the surety, and thus prevents the latter from paying the debt at the time named in his contract and from suing the principal for reimbursement, the creditor has so violated the terms of the contract that he has relieved the surety from further liability. *Firemen's Insurance Co.* v. *Wilkinson, 8 Stew. Eq. 175*.

But the thing done by the creditor must by surrender of the contract itself, or by its alteration under a binding agreement for a new consideration, have effectually changed the contract in a manner to be obligatory upon the creditor. Mere delay in enforcing the contract, without fraudulent connivance between the principal and the creditor, will not discharge the surety. He has undertaken to pay the debt and is bound to do so. When it has come to be due he may at any time enforce its payment by satisfying it in the hands of the creditor and suing the principal for reimbursement. The surety's remedy is thus in his own hands—his omission to enforce it is his own fault.

It is well settled in this state that the mere delay of the creditor to collect a due debt will not discharge the surety. *Newark* v. *Stout, 23 Vr. 47*. Not even when the surety has actually requested the collection of the debt. *Pintard* v. *Davis, 1 Zab. 634*.

In the case under consideration the affidavits submitted by the complainant make no disclosure of the terms of any binding agreement entered into by the defendant which extend the time of payment of the note in question. They simply state that the defendant did extend the time of payment, and give no speci-

fication of the time, place, consideration or other circumstances of the alleged new agreement which might enable the court to determine whether there was any such binding contract of extension as should relieve a surety.

It is not enough that the complainant's witnesses are willing to depose that there has been an extension of the time of payment. The facts must be set forth upon which the court may decide whether the supposed extension was such a violation of the contract as exonerated the surety. It may be true, as stated, that the defendant, Flitcraft, did extend the time of payment in the sense that he omitted to enforce it when it came to be due, but, as above shown, this would give to the surety no right to relief. He could still have taken up the note at any time and sued his principal.

The complainant's affidavits are in themselves insufficient to sustain his effort to secure a restraint of the suit at law on the ground of the alleged extension of the time of the payment of the note.

This conclusion is justified by an examination of the responsive affidavit of the defendant, Flitcraft. He denies any agreement with the complainant as to whether he was or was not surety on the note, and testified that he accepted the note in question as it is expressed, upon the responsibility of both parties as joint makers. He denies making any agreement of any kind whereby the time of payment of the note was in any manner extended, and states that he has simply forborne to enforce payment, not desiring to subject either of the makers to costs unless absolutely necessary.

He denies that he has not notified the complainant of failure to pay the note, and relates in detail several personal notifications to the complainant of the non-payment of the note, at one of which he states that the complainant requested him to keep the interest collected but not to press the other maker for the principal, and he further states that at none of these several interviews with the complainant, which happened at periods several years apart, did the complainant intimate that he would not pay the note or that he considered himself released from

such payment, and further testified that the complainant never requested that any suit be brought on the note against Avis, the other maker, alleged to be the sole principal.

The defendant's proof meets every ground of equitable relief set up in the bill. It is responsive to the complainant's allegations and proof and deals with matters within the personal knowledge of the testifying defendant touching his own conduct. Its effect is fully to meet and contradict the proof submitted by the complainant and to leave his bill unsupported by any evidence sufficient to justify the granting of a preliminary injunction. *Winslow* v. *Hudson, 6 C. E. Gr. 173.*

The only question remaining to be considered is whether the case exhibited is one of those exceptions to the general rule which leads this court, in the exercise of a sound discretion, to restrain the defendant until final hearing, in order to prevent the doing of an injustice by the enforcement of payment from one who is in equity a surety discharged from liability by the act of the creditor. *Fleischman* v. *Young, 1 Stock. 621.*

The affidavit of the complainant as to the extension of time to the principal debtor refers to a transaction in which the affiant does not claim to have been himself an actor, nor does he indicate that he has any personal knowledge of it, and it is, therefore, of little weight as evidence. The affidavit of the co-promisor, Avis, makes no exhibition of the terms of the supposed agreement, nor any statement of its consideration, nor indeed of any of the incidents necessary to enable the court to determine whether there was in fact a binding contract extending the time of payment. All that is set out is the averment that there were at various times demands of payment, and that, on Avis' request, extensions of time of payment were allowed by Flitcraft.

On the other hand, the defendant, who must have participated in the making of any such contract of extension and therefore knew whether any was made, expressly denies that any extension of the time of payment was ever agreed upon, and explains that he simply permitted the note to remain uncollected and gives a reason which accords with common usage in country districts,

where a due promissory note is not unusual as an evidence of debt securing the payment of money loaned as an invesment to produce interest.

The allegation that reasonable notice of the non-payment of the note was not given, if it be any ground for complaint, is also fully met and denied, with responsive statements of several occasions when the non-payment of the note was brought to the attention of the complainant, who did not deny his continued obligation in any way.

The general and uncertain statements of the complainant's equities, and the definite and conclusive denial of them by the defendant, lead me to believe that an injustice would be done if the case were treated as an exception to the rule that an injunction should not go when the complainant's equities are satisfactorily denied. I think the defendant has shown that he is within both his legal and equitable rights in enforcing his remedy at law according to the express terms of the contract.

The order to show cause and the restraining order should be dismissed, with costs. I will advise a decree accordingly.