JAMES MURPHY ET AL. v. CARL A. HUSSA, BUILDER, AND JOHN HEROLD, OWNER.

Submitted December 5, 1903—Decided February 23, 1904.

Under the Mechanics' Lien law (*Pamph. L.* 1898. *p.* 538, § 10), a building is not subject to lien for a debt owing for work or materials used in repairing or altering the building, unless the owner contracted the debt, or in writing consented to its being contracted by some other person.

On case certified by Bergen Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiffs, *Archibald C. Hart*.

For the owner, *Weller & Lichtenstein*.

The opinion of the court was delivered by

DIXON, J. The question certified to this court by the Bergen Circuit is whether on the following facts the plaint-

iffs have acquired a lien under the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 538, § 10) : The owner, Herold, orally contracted with Hussa, the builder, to make certain alterations and repairs to the building, and Hussa afterwards contracted in writing with the plaintiffs for part of the necessary labor and materials.' Hussa's debt therefor to the plaintiffs is the claim in suit.

The statute above mentioned gives a lien for a debt owing for work and materials used in repairing or altering a building only in case the debt was contracted by the owner, or by some other person with the consent of the owner in writing.

Evidently the debt now in suit is not within the statutory class. It was contracted not by the owner but by Hussa, and the owner did not in writing consent to it.

The opposite decision in *American Brick Co.* v. *Drinkhouse,* 30 *Vroom* 462, was based on a statute (*Gen. Stat., p.* 2072) which did not require the written consent of the owner, and which was repealed July 4th, 1898. *Pamph. L.* 1898, *p.* 554, ¶ 6.

The Bergen Circuit is advised accordingly.