LOWY, BERGER, FINGER COMPANY, A CORPORATION, PLAINTIFF, PLAINTIFF IN ERROR, v. SAMUEL BRAT- TER AND SAMUEL POLLAK, DEFENDANTS, DEFEND- ANTS IN ERROR.

Submitted March 20, 1913—Decided July 10, 1913.

1. No appeal from the judgment of a District Court is permitted upon the admission or rejection of evidence, unless such evidence is taken under some legal objection.
2. Where it is. clear that there is evidence covering each side of a question, an appeal does not lie.
3. Where the court, deciding that one of several parties has been. released, subsequently applies the statute of frauds to prevent liability, this is not, without objection, subject to appeal.
4. Where the court had decided that one defendant was released by the notes of the other defendant not sued upon, and not yet. due, refusal of judgment upon such notes was right.

On appeal from the Second District Court of Newark.

Before Justices TRENCHARD, PARKER and VOORHEES.

For the appellant, *Harry Campton.*

For the appellees, *David Lesnik.*

The opinion of the court was delivered by

VOORHEES, J.    The plaintiff, a corporation, conducting a real estate business, obtained for the defendant a lease of a moving picture hall for which they claimed a compensation of $200. The landlord requiring from the plaintiff a cash deposit of $1,000, the plaintiff caused it to be procured, but $800 only was repaid, leaving a balance still due them of $200. This composed the plaintiff's claim, amounting to $400.

The case was tried by the court without a jury. The court refused the defendants' request to nonsuit and gave judgment for them.

In order fairly to present the appeal, we will follow the argument urged in the brief of the appellant.

In it the first and second points have been united to form the proposition that the trial court erred in giving judgment for the defendants because there is no evidence to support such judgment.

The court heard evidence contradictory in itself, and not objected to, from which it concluded that as a matter of fact both the defendants originally intended to pay $400 which are as yet unpaid, yet, because the plaintiff at once accepted notes from the defendant Bratter alone, and renewals thereof, therefore the defendant Pollak could not be held liable, because of the statute of frauds, which required a written promise by Pollak. The court found also that the notes were accepted by the plaintiff in payment of the debt sued on, and hence gave judgment for the defendants. It would seem that a jury question was thus presented by the evidence of the witnesses (*American Brick Co.* v. *Drinkhouse,* 30 *Vroom* 464), and that the court decided it then and there as upon a conflict in the testimony.

If this be so, no appeal is permitted to this court, unless the evidence so brought into the case is taken under some legal objection. No such objection is shown.

It is also clear that there was evidence covering each side of this question. That prevents an appeal also.

This argument is then followed by the assertion that as a matter of·law, the court erred in ruling that the original note for $400, signed by Bratter alone, released Pollak from the original debt.

The finding was that an original contract had been intended by both defendants, yet, as the plaintiff had actually taken Bratter's notes alone, and their renewals, which were accepted by the plaintiff in payment of the debt, there arose a release to Pollak. What has been said concerning the first point applies to this contention equally well. The conflict of the evidence was decided by the judge and is beyond the reach of this court under the act allowing appeals. Whether

a release ensued was a jury question, for the court to deal with, and under disputed testimony, its decision became final.

This disposes of the case as originally laid out by the plaintiff. It left a case against Bratter alone upon his notes which, however, were not due and were not sued upon.

The third point urged by the plaintiff is that the court erred as a matter of law in applying the statute of frauds. I do not understand that the court held that both the defendants were liable originally, but assuming that it did, it also held that there was a discharge of Pollak which we have considered to be a proper determination of the question. This undoubtedly made necessary the application of the statute, and we perceive no error in its determination.

The plaintiff lays stress upon a further point, that as a matter of law the court erred in refusing plaintiff's request for judgment against the defendant Bratter. The acceptance by the plaintiff of the notes in payment of the debt was an adjudicated fact. The notes which supported this finding were not sued upon; they had paid the indebtedness. No demand had been made upon them, and they were not yet due. We think the judge was right in his holding that no judgment should be given against Bratter alone.

The last point made is that the plaintiff is entitled to judgment, and that the defendants are not entitled to be believed. Of course, such a conclusion has been put forward without proper determination of the limits of the act allowing appeals.

The judgment will be affirmed, with costs.