JOHN E. NAYLOR, CLAIMANT, DEFENDANT IN ERROR, v.
FERDINAND O. SMITH, BUILDER, AND ANDREW R.
STEVENS, OWNER, PLAINTIFFS IN ERROR.

Argued June 26, 1899—Decided November 20, 1899.

A builder sued under the Mechanics' Lien act may not set off claims due
to him from the plaintiff in a different right.

On error to the Somerset Circuit Court.

For the plaintiffs in error, *Charles J. McNabb* and *Coding-
ton & Swackhamer*.

For the defendant in error, *Winfield S. Angleman*.

The opinion of the court was delivered by

GARRISON, J.    Whether the builder when sued under the
Mechanics' Lien act may set off claims due to him from the
plaintiff in a different right is the question to be decided.
By claims that are " due in a different right" is meant debts
that have accrued in transactions other than that in which
the plaintiff has filed the lien upon which his action is based.

At the trial the builder, who had pleaded payment with
notice of set-off, offered two assignments to himself of debts
that had accrued from the plaintiff to strangers.    The trial
court refused to admit these proofs under the notice of set-off,
to which ruling a bill of exceptions was sealed and error
thereon is now assigned.

The right of the builder to avail himself of these debts as
counter-claims by way of set-off is based upon two grounds—

*First.* That by statute the assignee of any chose in action
may sue thereon in his own name.    *Gen. Stat.*, *p.* 2591, §
340.

*Second.* That the Mechanics' Lien act gives to the builder
any defence he would have had to an action upon contract
without the act.    *Gen. Stat.*, *p.* 2067, § 19.

The argument upon the first of these grounds is that if the assignee of the chose *may* sue thereon, he *must*, when sued by the debtor, be permitted to offset his claim or under the statute of set-off be forever precluded. This is a mere *petitio principii,* since the point to be decided is assumed, viz., that in this action he may offset his claim. Moreover, the very statute that is invoked expressly provides that to such assigned claims all just set-offs shall be allowed. This would of itself imply their intended exclusion from actions from which such just set-offs were excluded. And this, as will be seen from the consideration of the next of the defendant's grounds, is the effect of our Mechanics' Lien act.

This statute in providing a special remedy for a favored class has defined the scope of the action it gives by prescribing the nature of the issue that plaintiffs are authorized under it to tender. "The declaration," says the statute, "shall be against the builder and shall conclude with the averment that said debt is by virtue of the provision of that act a lien upon the building and lot describing the same as in the claim." *Gen. Stat., p.* 2067, § 19. The sole issue, therefore, that the plaintiff may tender is limited to debts that have accrued in this single right. However numerous his other demands against the builder might be in this action, he may declare for such debts only as are liens upon a particular owner's lands. Neither by his declaration, nor by any pleading known to the common law, nor by any form of notice prescribed by statute, can the plaintiff in a mechanics' lien suit either originate a controversy over other claims or respond to such a controversy in the course of the action. The one hundred and thirty-fourth section of the Practice act authorizes a plaintiff to make a defence to the subject-matter of any set-off, but not to make a set-off to a set-off.

If to this special and limited form of declaration the builder may offset debts due to him in a right for which the plaintiff could not sue, then the legislature has created an action in which the defendants may have the benefit of demands upon which plaintiffs are forbidden to declare and to which they

cannot reply by way of counter-set-off. This is to me an inconceivable view to take of the legislation upon this subject.

The statutory remedy of set-off, moreover, rests in spirit and in reason upon the avoidance of circuity of action by compelling the adjustment in one suit of all such mutual demands as are counter-claims. When, therefore, the legislature has created an action that does not admit of this mutuality of adjustment, it has created one to which neither the spirit, the reason nor the statute of set-off applies.

In view of the controlling character of these considerations, it is of no moment that other jurisdictions, dealing with different statutory language, have reached opposite conclusions. Nor is much more force to be given to the argument based upon the use in our own statute of such general terms as that "the practice, proceedings and pleadings shall be as in suits to recover money due on contract," and that the defendants shall have any "defence or plea the builder might have to any action on the contract without this act." *Gen. Stat., p.* 2067, § 19.

The words "defence or plea" do not so aptly describe the remedy of set-off as to take precedence over an intelligent construction of their context. Indeed, in strictness, "set-off" is not a defence at all, since it neither destroys the plaintiff's right of action nor denies that the amount claimed is due. On the contrary, it passes these defences for the purpose of exhibiting a cause of action against the plaintiff. This is not a defence, it is an adjustment. Neither is there any pleading to which, strictly speaking, the title of "plea of set-off" is applicable. There is nothing therefore in the wording of the Mechanics' Lien law to compel the construction contended for by the defendant, and there is, as has been shown, every reason why such a meaning should not lightly be ascribed to the lawmaker.

My conclusion is that the builder had not the right to off-set the demands offered by him at the trial, and that the judgment brought up by this writ of error should be affirmed.

*For affirmance*—DEPUE, VAN SYCKEL, GARRISON, GUM-MERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 10.

*For reversal*—DIXON, LIPPINCOTT, COLLINS. 3.