JOHN D. JOHNSON ET AL. v. GEORGE W. ALGOR, BUILDER, JOHN J. BURLEIGH, OWNER, AND EDWARD A. ARMSTRONG AND THE SECURITY TRUST AND SAFE DEPOSIT COMPANY, MORTGAGEES.

Argued February 20, 1900—Decided November 12, 1900.

1. The policy of the Mechanics' Lien law is to make every building and the lot on which it is erected liable to a lien for work done upon it, and for materials furnished for the erection and construction of the building. Where a number of buildings are erected under a single contract upon contiguous lands, the statute does not contemplate that there should be a separate and distinct lien claim filed for each one of the buildings. It recognizes but a single lien claim.

2. When the lien claim is put on file with a statement of the apportionment expressing the amount for which each building is liable, then, in the proceedings for the enforcement of the lien, the statute requires that these proceedings shall be the same as if the materials had been furnished and labor performed for each of said buildings separately by a separate suit against the owners and mortgagees of each building.

3. Where, however, in such a case, a single suit is brought, and after service of the summons, the parties voluntarily appeared in court and submitted to its jurisdiction to proceed by that form of summons and filed pleas, the objection to the form of the writ of summons is not available to any of the defendants.

4. The infirmity in the declaration in such a case appears on its face, and may be made the subject-matter of demurrer.

5. It is not a defect in pleading which is waived by pleading over, but where, as in this case, the plaintiffs' proceeding is contrary to the statute, which alone gives them the right to maintain this suit, the objection goes to the foundation of their action and may be taken at the trial.

On case certified from the Circuit Court of Camden county.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiffs, *Samuel K. Robbins.*

For the defendants, *E. Ambler Armstrong.*

The opinion of the court was delivered by

DEPUE, CHIEF JUSTICE. At the trial the court directed a nonsuit, and certified the case to this court for its advisory opinion.

This suit was prosecuted under the Mechanics' Lien act to recover for plumbing and gasfitting materials supplied by the plaintiffs to George W. Algor, in January, 1894, for use in sixteen houses that were being built by him. The total amount claimed by the plaintiffs is $742.63, which amount was equally divided and apportioned between the sixteen houses, making $46.41 for each house, with interest from February 10th, 1894.

At the time the materials were furnished, one D. Leonard Moore was the owner of the land upon which these houses were being erected. On March 6th, 1894, prior to the filing of the lien claim, Moore conveyed the premises to B. F. Inman, and March 7th, 1894, Inman and wife executed sixteen mortgages of $1,000 each on each of the said houses, respectively, to Edward A. Armstrong. On the same day, Inman and wife conveyed all the houses to John J. Burleigh. On March 17th, 1894, Armstrong assigned to the Security Trust and Safe Deposit Company three of the mortgages, covering premises 706, 708 and 710 Elm street, respectively. A lien claim was filed on January 7th, 1895, claiming a building lien on sixteen city dwelling-houses and lots in the city of Camden, apportioning $46.41 to each house. The houses and lots are contiguous and adjoining.

On January 9th, 1895, the plaintiffs caused to be issued a summons, making George W. Algor, the builder, John J. Burleigh, the owner, and Edward A. Armstrong and the Security Trust and Safe Deposit Company, mortgagees, de-

fendants. It sets out that the plaintiffs "claim a building lien upon a certain continuous row of brick dwelling-houses, one hundred and ninety-three feet eight inches long, in front and rear, and thirty-six feet deep, situate on the south side of Elm street, between Seventh and Eighth streets, in the city and county of Camden and State of New Jersey, divided by party walls into sixteen dwelling-houses, having a front or width on Elm street varying from eleven feet eleven and a half inches to thirteen feet three and a half inches each, by a depth of thirty-six feet, and two stories high, and numbered, respectively, Nos. 706, 708, 710, 712, 714, 716, 718, 720, 722, 724, 726, 728, 730, 732, 734 and 736, and upon the lot or curtilage whereon the said row of buildings is erected, which is described as follows, viz.: Beginning at a point on the south side of Elm street, sixty feet eastwardly from the southeast corner of Seventh and Elm streets and in the east line of a three-foot wide alley, and extending thence eastward along the south side of Elm street, one hundred and ninety-three feet and eight inches in front to another three-foot alley, and thence southward of that width seventy-one feet; and upon each of which said buildings, and the lot or curtilage whereon the same is erected, the said John D. Johnson, Benjamin Deacon, Jacob Ritter and Thomas W. Pepper, trading, &c., as the J. D. Johnson Company, claim a building lien for the sum of $46.41, and have you then and there this writ."

The summons was duly served on each of the defendants, and the plaintiffs filed their declaration. Only one summons was issued and one declaration filed, and sixteen separate judgments were asked for. Judgment was subsequently entered by default against the builder, Algor, for the whole amount of the claim. Pleas were filed by the other defendants. Burleigh pleaded, first, the general issue, and second, the statutory plea of no lien. Armstrong, the mortgagee, filed, first, a plea of the general issue; second, the statutory plea, and third, that the lien of the plaintiffs, if any, is subject to the lien of the defendant's mortgages set out and mentioned in the plaintiffs' declaration. The Security

Trust and Safe Deposit Company filed pleas of the same character as those filed by Armstrong. Of the sixteen lots on which buildings were erected Armstrong held mortgages on thirteen, and the Security Trust and Safe Deposit Company's mortgages covered three of the sixteen lots. At the trial a nonsuit was given, on the ground that one suit was brought to establish sixteen liens, when there .should have been a separate suit for each house and lot of land based upon the general lien. Whereupon the judge of the Circuit Court certified to this court for its advisory opinion the question whether the plaintiffs should have been nonsuited for bringing one suit only on their apportioned lien claim instead of sixteen separate suits.

The policy of the Mechanics' Lien law is to make every building and the lot on which it is erected liable to a lien for work done upon it, and for materials furnished for the erection and construction of the building. The first section of the Mechanics' Lien act, which is the enacting clause, clearly expresses that purpose. In *James* v. *Van Horn,* 10 *Vroom* 353, there were three separate buildings, all on the same parcel of land and all owned by the same owner. A lien was filed for work done upon all of them, without apportioning the amount done upon each. In a suit in which there were no other persons defendants it was held by .this court that there should be an apportionment, so that each building would bear the burden of the value of work and materials put upon it. The statute provides for the method of enforcing this obligation by a suit, in which judgment shall be recovered against the building and lands, and the amount due realized by a sale of the property by a special writ of *fieri facias.* The act provides that the sheriff's deed shall convey to the purchaser the estate which the owner had in the lands at the commencement of the building or which he subsequently acquired, and also in the building, subject only to all mortgages and encumbrances created, recorded or registered prior to the commencement of the building. The lien and the mode of enforcing it are creatures of the statute, and the statutory remedy must be pursued. *Ayres* v.

*Revere,* 1 *Dutcher* 474, 481, 482; *Naylor* v. *Smith,* 34 *Vroom* 596, 597. "The enforcement of a mechanics' lien, being a statutory proceeding, the rule of universal application is that the judgment must follow the statute." *Phil. Mech. L.,* § 445.

The act provides that the suit shall be brought against the builder, and also the person who is the owner of the building and lands at the time the lien claim is filed, and further provides that every person holding a mortgage of record against the property affected by the lien claim, whose mortgage would be cut off by a sale under the lien claim, shall be made a party or parties defendant. *Pamph. L.* 1884, *p.* 260; *Gen. Stat., p.* 2072. All the mortgages in this case were subsequent to the commencement of these buildings. The second section of the act of 1884, after providing for the mode in which mortgages shall be summoned and the pleas to be filed by them, provides that the judgment recovered shall determine the priority of the liens of the plaintiff and of each of the mortgagees; and if the lien claim shall have priority over the mortgages, the mortgagees shall be paid out of the surplus moneys realized from the sale after paying all concurrent liens. Where the lien claim covers a number of buildings and the lots on which they are erected, and each lot is encumbered by a subsequent mortgage, the holder of such a mortgage is interested only in the determination of the amount that shall be due to the plaintiff on his lien claim on the particular lot upon which he holds his mortgage. So, also, where the property consists of lots whereon separate buildings have been erected, and the ownership of lots has changed since the buildings were commenced, the person who is the owner when the lien claim was filed is interesed only in the litigation with respect to the lien on his own property. To meet the contingencies that may arise in this way the legislature, by an act passed in 1873, provided "That whenever any person or persons shall hereafter furnish any materials or perform any labor for the erection or construction of two or more buildings, where such buildings are built and constructed by the same person or

persons, it shall be lawful for the person or persons so furnishing such materials or performing such labor to divide and apportion the same among the said buildings in proportion to the value of the materials furnished to or labor performed for each of said buildings, and to file with his, her or their lien claim therefor a statement of the amount so apportioned to each building in lieu of the bill of particulars required by the eleventh section of this act *which said lien claim when so filed may be enforced under the provisions of this act in the same manner as if said materials had been furnished and labor performed for each of said buildings separately,"* &c.   *Pamph. L.* 1873, *p.* 71;  *Gen. Stat., p.* 2066, § 17.

This statute does not contemplate that there should be a separate and distinct lien claim filed for each one of the buildings; it recognizes but a single lien claim.  It provides for apportioning the cost of the whole among the said buildings in proportion to the value of materials furnished to or labor performed for each of said buildings, and requires that a statement of the amount so apportioned to each building shall be filed with the lien claim.  At the trial of any issue of this sort the propriety of the apportionment may be made a matter of defence; and the act requires that the lien claim state all the particulars connected with it, and to set out the facts on which the issue is to be tried.  The lien claim filed in this case is not printed, but from an inspection of the contents of the writ of summons it appears to have been in all respects as required by the statute.  If there were any infirmities or imperfections in it, it could have been amended under the liberal scheme of amendment provided by this statute.  But when the lien claim is put on file with a statement of the apportionment, expressing the amount for which each building is liable, then in the proceedings for the enforcement of the lien the statute requires that these proceedings shall be the same as if the materials had been furnished and labor performed for each of said buildings separately by a separate suit against the owners and mortgagees of each building.  The summons is

to be in that form. The declaration, judgment and execution thereon are to be such in form as they would have been if the amount apportioned to any one building had been furnished to that building without regard to any other. In this respect the summons issued was not in conformity with the statute. But after service the parties voluntarily appeared in court and submitted to its jurisdiction to proceed by that form of summons, and filed pleas. We think that under these circumstances the objection to the form of the writ of summons is not available to any of these defendants.

The declaration also departs from the requirement of the statute. There should have been a declaration for each case in the form in which the plaintiffs would have declared if the labor and materials apportioned to that particular building had been performed and furnished for such building alone. The infirmity in the declaration appeared on its face, and might be made the subject-matter of demurrer. The defendants pleaded, and it is insisted that the defect in the declaration is waived by the plea, and cannot be made the subject-matter of objection on the nonsuit. Pleading over is a waiver of mere defects in pleading, but where, as in this case, the plaintiffs' proceeding is contrary to the statute, which alone gives them the right to maintain this suit, the objection goes to the foundation of their action, and may be taken at the trial.

To the question certified the answer of this court is that plaintiffs were properly nonsuited, unless the infirmities in this proceeding could be cured by amendment.