MULFORD B. CULVER, DEFENDANT IN ERROR, v. MA-THIAS LIEBERMAN, PLAINTIFF IN ERROR.

Submitted March 24, 1903—Decided July 20, 1903.

1. On error, it will be presumed that a court of general jurisdiction had the authority to enter the judgment which it did, unless the contrary appear in the record.
2. When a single debt exists for work done or materials furnished in the erection of several buildings, the liens therefor are to be enforced by a single lien claim and a single declaration, in which the debt is to be apportioned among the buildings and curtilages according to their respective liability. On this point, *Johnson v. Algor,* 36 *Vroom* 363, is overruled.

3. The rights of the builder and the several owners and mortgagees, in proceedings under the Mechanics' Lien act, are to be settled in a single suit, by the judgment in which the priorities of the liens of the plaintiff and each of the defendants are to be settled.

---

On error to the Hunterdon County Circuit Court.

For the plaintiff in error, *H. Burdett Herr.*

For the defendant in error, *George H. Large.*

The opinion of the court was delivered by

FORT, J. This is a suit upon a mechanics' lien claim. The lien claim, as filed, stated that the work had been done on separate buildings, which were separately described, with their curtilage, and the contract price for the whole work was specifically apportioned to each building, pursuant to statute. A single summons issued in the case, and but one declaration was filed therein, with the same apportionment to the respective buildings as in the lien. The declaration set forth that there was actual service of the summons, and the defendant pleaded the general issue only thereto.

The lien claim, summons and declaration all declare against the defendant as both builder and owner.

The writ has brought up the lien claim and pleadings and the bills of exception only. Neither the summons nor its return, as to service, was offered in evidence, and hence is not in the record.

· The first exception upon which error is assigned is to the refusal of the court to charge the following request:

"It appearing, by the affidavit of service of the summons and declaration, and also by the testimony offered in the cause, that the defendant was a non-resident of this state at the time the lien claim was filed, and had been a non-resident ever since, counsel for the defendant requested the court to charge the jury that no personal judgment could be rendered against the defendant."

This request to charge was rightly refused. The fact that the defendant was a non-resident of the state when the lien claim was filed, and had been a non-resident ever since, in no way excludes the possibility of personal service upon the defendant within this state, under which service, by the express provisions of the statute, a general judgment may be entered.

This court will presume authority in a court of general jurisdiction to enter the judgment which it did, unless the contrary appears. But in this case the defendant appeared and filed a plea of the general issue. This of itself will give the court authority to enter a general judgment, irrespective of how the service was made. *Smith* v. *Colloty, post p.* 365.

The other assignment of error is based upon an exception to the ruling of the trial court in giving leave to the plaintiff to amend, if necessary, by filing a separate declaration for each building, and allowing separate verdicts thereon, on the consolidation of the suits for trial.

The course pursued by the learned trial justice was in conformity with the practice pointed out by the Supreme Court in *Johnson* v. *Algor,* 36 *Vroom* 363.

Under the decision of the Supreme Court in that case the plea of the defendant was held to deprive him of the right to object to any defect in the form of the summons, but not to the fact that separate declarations had not been filed in the suit reciting the claim against each building.

We are unable to agree with the conclusion reached in *Johnson* v. *Algor, supra,* that separate summons and declarations are necessary in a suit upon a mechanics' lien claim filed against two or more buildings and the curtilages whereon the same stand. We think a single summons against all the defendants is sufficient.

We also think a single declaration only is required. The statute clearly contemplates the filing of but one lien claim for labor or materials, or both, for the erection and construction of two or more buildings by the same builder. Section

22 of the act seems to make this clear. By section 24 of the act it is provided that the declaration in a lien suit shall recite "that the owner and builder and other defendants were summoned and how served, *and why such other defendants were made defendants;*" after this is done the statute declares the declaration shall "be against the builder and in the same form as in other actions upon contract, and shall conclude with an averment that said debt is, by virtue of the provisions of this act, a lien upon such building and lot, describing the same as in such claim; and to such declaration a schedule may be annexed."

By section 22 it is provided that where but one lien is filed, but it covers two or more buildings, where such buildings "are built and constructed· by the same person or persons" (this means the same builder, and has no relation to whom the owner or owners may be), it shall be lawful for the person or persons furnishing labor or materials "to divide and apportion the same, among the said buildings in proportion to the value of the materials furnished to, and the labor performed for, each of said buildings, and to file [with the lien] a statement of the amount so apportioned to each building in lieu of the bill of particulars required by the sixteenth section of the act." The statute then proceeds as follows: "Which said lien claim, when so filed, may be enforced, under the provisions of this act, in the same manner as if said materials had been furnished and labor performed for each of said buildings separately." *Pamph. L.* 1898, *p.* 538, §§ 16, 22, 24.

A careful reading of all these sections makes it evident that there should be but one suit upon a mechanics' lien claim. In that suit, to use the language of the statute, the declaration is to "be against the builder." It is the debt of the builder, and whether the material or labor, or both, be furnished to one or ten buildings, so far as the builder is concerned, it is a single debt. The owner or owners, mortgagee or mortgagees, are made defendants, not that they are to answer for the debt, nor because they have contracted it, but to give them notice

that, for the whole or some apportioned part of the debt, the land which they own, or assert a mortgagee's lien upon, is claimed to be specially liable to the plaintiff, by virtue of the statute, for the whole or some part of the debt sought to be established, against the builder, in the action.

This construction seems to be made all the more clear by the clause in section 24 of the act, which declares: "And the judgment in any such case [that is, in a lien case where owners and mortgagees both are defendants] shall determine the priority of the liens of the plaintiff and *each* of said defendants, and any judgment or proceeding under the same shall not affect the lien of any of said defendants, whose lien shall be determined to be paramount to that of the plaintiff."

The intent of the statute was to give one suit against the builder arising out of a single indebtedness, for labor or materials, and to bring into that suit, by the lien, summons and declaration, all persons who have any interest in the property against which the special judgment is sought, and, in that suit, to determine—*first,* the debt for which a general judgment may pass against the builder; *second,* against which buildings, respectively, if any, the plaintiff is entitled to a special judgment, as against the owner, for the amount of his lien claims as apportioned; *third,* what mortgage encumbrance is upon each piece of property, and the priorities between the mortgagees and the plaintiff's special judgment, as to each building and its curtilage.

Many reasons suggest themselves why but one suit, under such circumstances, should be given.

Where several pieces of property are involved the interests of owners and mortgagees may be divergent, and make it impossible to adjust the equities and establish the priorities in separate suits; certainly without a consolidation of the actions. In one suit all rights can be adjusted, and a judgment roll be made up, with a general judgment against the builder, for the whole debt, and a special judgment, against each building, for the specific amount of the general judgment found to be a lien upon it, with a statement of the priorities of the mortgage liens, if any, thereon.

It would. not. seem to be difficult to frame a declaration upon a lien claim, in which an apportionment is made of the debt alleged to be due, from the builder, on two or more buildings. The summons and declaration are each required to state in what relation each defendant stands to the suit, whether as builder, owner or mortgagee. The land and building of each owner, and upon which the mortgagee's claim exists, must, in any event, be specifically set out. The defence is single. All defendants may plead the general issue—that the builder does not owe; each owner may plead, in addition, the statutory plea of land not liable, and each mortgagee that the lien, if it exists, is subject to his mortgage. Under the pleadings the court is to try out the whole case, and all the issues, and to settle the priorities.

This conclusion leads to a disapproval of the construction put upon the statute by the Supreme Court in *Johnson* v. *Algor, supra.* No amendment of the declaration filed was necessary in this case, as the rights of the litigants, and the priorities of the parties, were all to be settled in the suit as instituted and under the single declaration as filed.

The judgment in the record before us shows that the plaintiff did not take advantage of the permission granted by the court to amend and file separate declarations, but entered a single judgment, generally against the builder for the whole debt, and a special judgment, against each building, for the amount apportioned to it in the lien and declaration.

The judgment in the record being in that form, it is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, HENDRICKSON; SWAYZE, BOGERT, VREDENBURGH, VOORHEES, VROOM, GREEN.    13.

*For reversal*—None.