*46 Vroom.* Vreeland Bldg. Co. v. Knickerbocker Sugar Co.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUS-TICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 12.

*For reversal*—None.

---

J. C. VREELAND BUILDING COMPANY, CLAIMANT, DE-FENDANT IN ERROR, v. KNICKERBOCKER SUGAR REFINING COMPANY, BUILDER, EMPIRE SUGAR REFINING COMPANY, OWNER, AND LINCOLN TRUST COMPANY, MORTGAGEE, PLAINTIFFS IN ERROR.

Submitted July 8, 1907—Decided November 18, 1907.

1. The Mechanics' Lien law (*Pamph. L.* 1898, *p.* 543, § 16) requires that the claimant shall specify in his claim "the name of the owner or owners of the land *or of the estate therein on which the lien is claimed.*" The claimant cannot, without amendment, bind any estate or interest other than that of the person named in the claim as owner, but there is nothing in the letter or spirit of the act that renders an error made in stating the name of the owner fatal to a subsequent attempt, either by way of amend-ment or by the filing of a separate claim, to reach estates or interests in the land owned by parties other than him who is named as owner in the claim first filed.

2. The party sued as owner in a mechanics' lien claim suit cannot discharge his interest in the land from the lien by showing that the claimant has formerly attempted to subject the interest of another party in the land to a lien for the same debt.

3. Under the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 548, § 24) the plea allowed to the owner or mortgagee, "that said building or land are not liable to said debt," simply imposes upon the claimant the burden of establishing that as against the interest of the party thus pleading the provisions of the act requisite to constitute the lien have been complied with.

---

On error to the Bergen county Circuit Court.

For the plaintiffs in error, *Thomas B. Harned.*

For the defendants in error, *James P. Northrop.*

The opinion of the court was delivered by

PITNEY, J. This action was brought under the Mechanics' Lien law (*Pamph. L.* 1898, *p.* 538) against the Knickerbocker Sugar Refining Company, as builder; the Empire Sugar Refining Company, as owner, and the Lincoln Trust Company, as mortgagee. The owner and mortgagee alone defended, filing three pleas, such as are permitted by section 24 of the act (*Pamph. L.* 1898, *p.* 548), to wit—*first,* that the Knickerbocker company, the builder, did not undertake or promise, &c.; *second,* that the building and lands were not liable to the supposed debt, and *third,* the mortgagee pleaded that the lien claim of the plaintiff was subject to the lien of the mortgage.

Upon the trial the defence was rested entirely upon the ground that a former mechanics' lien had been filed by the claimant against the same property for the same debt, but specifying the Knickerbocker Sugar Refining Company, and not the Empire Sugar Refining Company, as owner of the land, it being insisted that thereby the claimant had exhausted its remedy as against the land.

From the state of the case it appears that the debt upon which the claim is founded was contracted by the Knickerbocker company for the construction of two buildings upon the land in question, the Knickerbocker company then being the owner of the lands. The building contract was made in the year 1903, and its performance was completed August 14th, 1904. The Knickerbocker Sugar Refining Company, by deed dated May 25th, and recorded on August 20th, of that year, conveyed the property to the Knickerbocker Contracting Company, and this company, by deed dated May 27th, and recorded on August 20th, of the same year, conveyed the property to the Empire Sugar Refining Company. The latter company gave a mortgage to the Lincoln Trust Company, which instrument likewise was recorded on August 20th.

On November 11th, 1904, the claimant filed a mechanics' lien claim in due form for the debt thus contracted, and

therein stated that "the name of the owner of the said land and of the property therein on which the said lien is claimed is the Knickerbocker Sugar Refining Company, a corporation, which has an estate in fee-simple therein."

On December 8th, 1904, the claimant, on notice to the Knickerbocker Sugar Refining Company, the Empire Sugar Refining Company and the Lincoln Trust Company, applied to a justice of the Supreme Court, under section 19 of the act (*Pamph. L.* 1898, *p.* 545), for an order amending the lien claim with respect to the description of the lot or curtilage upon which the lien was claimed, and also with respect to the name of the owner, so that the claim should state that the Empire company was owner of the land instead of the Knickerbocker company. This motion was denied. Upon the following day the claimant filed its lien claim upon which the present action is based. The date of filing it was within four months after the date of the last work done and materials furnished. *Pamph. L.* 1898, *p.* 544, § 18.

This lien claim states that the Knickerbocker Sugar Refining Company is the party who contracted the debt, and sets forth that "the name of the owner of the said land and of the property therein on which the said lien is claimed is the Empire Sugar Refining Company, a corporation, which has an estate in fee-simple therein." It appearing that all other statutory requirements had been complied with, the debt being admitted, and there being nothing to show that the lien of the mortgage of the Lincoln Trust Company was paramount to that of the claimant, the trial judge ordered a general judgment against the builder, a special judgment against the Empire Sugar Refining Company, as owner, and establishing the priority of the claimant's lien over the lien of the mortgage.

Reversal of this judgment is prayed by the owner and mortgagee on the ground that the claimant, by filing the first lien claim, exhausted its remedy against the land under the Mechanics' Lien law, and that the failure of the claimant to issue a summons upon the first claim within four months

from the date of the last work done or materials furnished discharged the land and buildings from the lien.

The pith of the argument is presented in the form of the following dilemma: "The first lien claim filed was either a nullity because of fatal defects, or it was such a claim as could be perfected by amendment. If it was fatally defective under the terms of the act, the right to lien was destroyed, and if not fatally defective, then the failure to issue a summons within the period of four months, and endorse the same upon the lien claim, operated under the terms of the act to discharge the lien."

We do not find it necessary to consider the question whether the statement of the name of the Knickerbocker Sugar Refining Company, as owner, in the first lien claim was such a defect as rendered it a nullity for all purposes, or whether, on the contrary, the justice of the Supreme Court to whom application for amendment was made ought to have treated the claim as amendable by the substitution of the name of the Empire Sugar Refining Company in the place of the Knickerbocker Sugar Refining Company, as owner. That amendment having been refused, and the order amending it not having been reviewed, it seems to be *res adjudicata,* for the purposes of this case, that the first lien claim was not amendable in the respect indicated.

But whether so or not, the first lien claim, remaining, as it does, unamended, is certainly a nullity, so far as any effect upon the estate or interest of the present owner and mortgagee in the lands is concerned. The Mechanics' Lien law enforces the lien only as against the interests of owners named in the claim and those claiming under them by subsequent conveyance or the like.

And because the present owner and mortgagee are not at all bound by the first lien claim, they can, for that very reason, derive no benefit therefrom. As to them it is *res inter alios acta,* being simply a futile attempt to enforce a lien against an interest in the land that had already been extinguished.

There is nothing occult or mysterious about an action upon a mechanics' lien claim. So far as the builder or party con-

tracting the debt is concerned, it is an ordinary action *in personam.* Combined with it, however, is an action *quasi in rem* to establish and enforce a lien upon certain defined interests in the building and land in question. *Culver* v. *Lieberman,* 40 *Vroom* 341, 345; *Smith* v. *Colloty, Id.* 365, 368.

The object of requiring the lien claim to be filed in the county clerk's office is to give notice to the parties upon whose interest the lien is to be claimed, and to other parties claiming under them. The statute merely requires that the claimant shall specify in his claim "the name of the owner or owners of the land *or of the estate therein on which the lien is claimed."* See *Edwards* v. *Derrickson,* 4 *Dutcher* 39 (at *pp.* 60, 62). The claimant cannot, without amendment, bind any other estate or interest than that of the person or persons named in the claim as owner or owners, but there is nothing in the letter or spirit of the act that renders an error made in stating the name of the owner fatal to a subsequent attempt, either by way of amendment or by the filing of a separate claim, to reach estates or interests in the land owned by parties other than him who was named as owner in the claim first filed.

In our view, therefore, it is of no legitimate concern to the present plaintiffs in error whether a lien claim was filed prior to the claim upon which the present action is based, so long as there was no attempt in the former claim to affect their interests in the land.

Moreover, there was no plea (if such were permissible) that the right of lien as against the present owner was destroyed by the previous action of the claimant. The statute (*Pamph. L.* 1898, *p.* 548, § 24) limits the defences that may be made by owner and mortgagee. After permitting them to have any defence or plea to the action that might be had by the builder to any action upon his contract without this act, it proceeds as follows: "And in addition thereto the owner or mortgagee may plead that said building or land are not liable to said debt, and in such case it shall be necessary for the plaintiff, to entitle him to judgment against the building and lands, to prove that the provisions of this act requisite to constitute

such lien have been complied with, and any defendant mort-gagee may have a further plea that said lien claim is subject to such mortgagee's lien, and the judgment in such case shall determine the priority of the liens of the plaintiff and each of said defendants."

The plea of the present plaintiffs in error that the said building and lands were not liable simply imposed upon the claimant the burden of establishing that, as against their in-terests in the building and lands, the provisions of the act requisite to constitute the lien had been complied with. That they were complied with is admitted, and the only defence asserted is that the claimant had previously attempted, with-out success, to establish a lien against the supposed interest of another party in the same land. In our opinion, the act recognizes no right to invoke such a defence.

Previous decisions in the courts of this state have no close bearing upon the question now determined. *Derrickson* v. *Edwards*, 5 *Dutcher* 468, 472 (1861), held the lien claim not amendable. This decision, however, was prior to the enact-ment of the section permitting such amendment. This sec-tion first appeared in the revision of 1874. *Rev.* 1877, *p.* 671, § 14; *Gen. Stat.*, *p.* 2065, § 14. See *Vreeland* v. *Bram-hall*, 10 *Vroom* 1; *James* v. *Van Horn*, *Id.* 353. In *Bartley* v. *Smith*, 14 *Id.* 321 (1881), the Supreme Court advised the Circuit Court to refuse an application first made at the trial to amend a lien claim with respect to the name of the builder (the party who contracted the debt), when the claimant, with full knowledge of the facts, had named as builder a party other than him with whom he had contracted, it appearing that the party sued as builder had paid the greater part of what was due from him to plaintiff's debtor. In *Wheeler* v. *Almond*, 17 *Id.* 161 (1884), the Supreme Court held that the power of amendment does not enable the court to restore a lien when it has been discharged by the express terms of the statute for non-compliance with statutory requirements, and that when a claimant has been notified by the owner to sue within the limited time prescribed by the statute, he cannot escape the obligation arising from the notice by thereafter

filing a new claim for the same debt. In *American Brick Co.*
v. *Drinkhouse,* 30 *Id.* 462, 466 (1896), this court held that
the power of amending the lien claim continues up to the
time of entering judgment, and that it may be amended even
after the time for filing a new claim has expired, provided the
amendment does not enlarge the claim either in the amount of
the debt, in the estate to be charged or in the persons to be
affected. There was no intimation that an enlarging amend-
ment might not be permitted or a new claim filed within the
time allowed by the act for the filing of such a claim.

In other jurisdictions it is generally recognized that the
filing of a defective lien claim does not exhaust the claimant's
rights. *Bois. Mech. L.,* § 504, and cases cited; 20 *Am. &
Eng. Encycl. L.* (*2d ed.*) 439, and cases cited.

The judgment under review should be affirmed.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUS-
TICE, GARRISON, HENDRICKSON, PITNEY, SWAYZE, REED,
TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY,
DILL, J.J. 14.

*For reversal*—None.