DAVID AYRES ET AL. *vs.* JOSEPH W. REVERE ET AL.

1. In order to exempt a building, erected by contract, from the lien of the mechanics and material men, under the provisions of the second section of the act of 1853, where resort must be had to the specifications to ascertain what part of the building is erected by contract, the specifications must be filed.

2. To enforce the lien, the suit must be against the builder and the owner of the land and building.

3. The statutory remedy will not be extended beyond the obvious design and the clear requirements of the statute.

On demurrer, case certified from Morris Circuit.

David Ayres and others brought a suit, under the lien law of 1853, against Joseph W. Revere, owner, and the administrators of Ashbel Bruen, deceased, builder, to recover pay for materials furnished by them to Bruen for a house built by him for Revere.

The declaration was against Joseph W. Revere, owner, jointly with the administrators of Bruen, and was, in other respects, in the form prescribed by the act.

Judgment by default was entered against Bruen's administrators. Revere filed several pleas. The third plea was as follows :

" The said Joseph W. Revere says that the said plaintiffs ought not, &c., because, he says, that on the 4th August, 1854, at Morristown, &c., defendant and Ashbel Bruen, deceased, in his lifetime, entered into and made a certain contract in writing for the erection, in part, by the said Ashbel Bruen, of the said building for this defendant, which said contract, sealed with the seals of the said Ashbel Bruen and this defendant, is now shown to the court here, the date whereof is the same day and year last aforesaid ; and this defendant further saith, that afterwards, to wit, on the 7th August, 1854, the said materials were furnished for the erection and construction of said house by the said Ashbel Bruen, the contractor, in his lifetime, in pursuance of said contract, to wit, at, &c.; and defendant further saith, that afterwards, to wit, on, &c., at, &c., the said contract was filed in the office of the clerk of the county of Morris, in which said house is situate, before said materials were furnished, (a copy of which contract, marked *A*, and a copy of the specifications therein referred to and mentioned, marked *B*, are

hereto annexed) and this the said defendant is ready to verify," &c., &c.

The fifth plea was the same as the third, except that where the words " in part" occurred in the statement of the contract in the third plea, the words " in whole " were substituted in the fifth plea.

To these pleas the plaintiffs filed a demurrer.

The agreement referred to in the pleas, as marked *A*, is as follows :

" Agreement entered into this 4th day of August, A. D. 1854, between Joseph W. Revere, of Morristown, in the county of Morris, and state of New Jersey, of the first part, and Ashbel Bruen, of Chatham, in said county and state, of second part, witnesseth, that the said Bruen, for the consideration herein after mentioned, doth for himself, his heirs, executors, and administrators, covenant and agree with the said Revere, his heirs, executors, administrators, and assigns, that he, the said Bruen, or his heirs, executors, or administrators, shall and will, on or before the first day of February next, erect, build, set up, and finish one dwelling house for the said Revere, according to the specifications and plans signed by the parties hereto, and dated this day, and which are hereby made and considered to be a part of this agreement, he, the said 'Bruen, finding and providing, at his own proper cost and expense, all the materials of every kind and description necessary for the erection of said house, according to the said plans and specifications, except wherein it is otherwise stipulated, expressed, or agreed in and by said specifications ; in consideration whereof, the said Revere doth, for himself, his heirs, executors, and administrators, covenant and promise, to and with the said Bruen, well and truly to pay, or cause to be paid, unto the said Bruen the sum of seven thousand one hundred and twenty-five dollars and fifteen cents, in manner following, to wit, one quarter thereof when the foundation is up and cellar dug,

another quarter thereof when the building is enclosed and roofed, another quarter part thereof when the building shall be fully completed according to the said plans and specifications, and the remaining quarter thereof, with interest at the rate of three per cent. per annum, in six months after the said building shall have been fully completed as aforesaid; but said interest not to commence on said last payment till the building is fully completed as aforesaid.

And the said Bruen doth hereby further covenant and agree to execute the said work in the best and most workmanlike manner, using materials of the best quality of their several kinds, and to supply everything not specially referred to and described in said specifications and plans, but usually considered as requisite in a house of the first class. And in case said Bruen fails to complete said house by the first day of February next, as herein before provided and agreed for, then he is to forfeit and pay a penalty of fifty dollars for each week that above building shall remain incomplete and unfinished, and not according to agreement, plans and specifications, after the said first day of February next; said house to be painted according to specifications, and to be located on the premises now occupied by said Revere, near Morristown aforesaid, in such place as he may direct.

In witness whereof, &c.

> Ashbel Bruen, [L. S.]
> J. W. Revere, [L. S.]"

The contract was filed, but the specifications, marked *B*, were not filed.

The cause of demurrer alleged was the non filing of the specifications with the contract.

The defendant alleged that the first fault was in the declaration. That it thereby appeared that the administrators of the builder were sued jointly with the owner. and that there was no provision in the act for enforcing a

lien after the death of the builder, and it was therefore a *casus omissus* in the statute, and no action could be maintained on the lien; and insisted, that the plaintiffs' claim, being founded on a statute which was in derogation of the common law and common right, must be construed strictly; that the courts will not extend the act beyond its words, and that the legislature never intended to extend it to the representatives of the parties; that the old act (*Rev. Stat.* 743, § 2), extended to executors and administrators, but the act of 1853 does not.

The case was certified from the Morris Circuit, for the advisory opinion of this court.

Argued, February term, 1856, before the CHIEF JUSTICE, and OGDEN, ELMER and HAINES, Justices, by *Whelpley*, for plaintiffs, in support of the demurrer, and *Dalrymple*, for defendants.

*Whelpley* cited *Flanigan* v. *Feuring*, 2 *Zab.* 387; *Rex.* v. *Bishop of London*, 2 *Shower* 455; 12 *Rep.* 130, 131; *Gore* v. *Brazier*, 3 *Mass.* 523, 540; *Stanwood* v. *Pierce*, 7 *Mass.* 458; 2 *Harr.* 459; 9 *Wheaton* 381; *Corey* v. *Lewis*, 2 *South.* 846.

*Dalrymple* cited *Gibson* v. *Jenny*, 15 *Mass.* 205; *Sprague* v. *Birdsall*, 2 *Cow.* 419; *Curtis* v. *Hollingshead*, 2 *Green* 404; *Ellis* v. *Paige*, 1 *Pick.* 43; *Rutland* v. *Mendon*, 1 *Pick.* 154; 31 *Maine* 36; 1 *Kent's Com.* 465, *note a*, (5th ed.) 3 *Watts* 141.

The CHIEF JUSTICE delivered the opinion of the court.

This action is brought to enforce a mechanic's lien, under the special provisions of the act of 1853, (*Nix. Dig.* 487). The building against which the lien is sought to be enforced was erected, in whole or in part, by contract in writing. The owner claims exemption from the lien, on the ground, that the contract was filed in the office of the clerk of the county in which the building is situate, pursuant to the provisions of the second section of the act.

The plea avers that the contract was filed within the time limited by the statute. But it also appears, by the plea, that there was a specification annexed to the contract, which was not filed. The first question raised by the demurrer is, whether the filing of the contract without the specification is a filing of the contract within the meaning of the statute.

The second section of the act provides, that when any building shall be erected in whole or in part by contract in writing, such building and the land whereon it stands shall be liable to the contractor alone for work done or materials furnished in pursuance of such contract; provided such contract, or a duplicate thereof, be filed in the office of the clerk of the county where the building is situate before such work done or materials furnished. The plain design and operation of this section is to exempt buildings erected by contract from the encumbrance of all liens, except those of the contractor himself.

The exemption, however, extends only to work done and materials furnished in pursuance of the contract. It applies to buildings erected by contract, either in whole or in part. One design of requiring the contract to be filed, must have been to apprize all mechanics and mate rial men to what extent the building was exempt from liens, and how far they must look to the responsibility of the builder alone for their remuneration. If the contract simply state that the builder is to do such part of the work, and to furnish such portion of the materials as are contained in the specifications, it is obvious that the contract, independent of the specification, fails to furnish the very information contemplated by the statute. In such case the specifications become an essential part of the contract, not only as between the owner and builder, but also as between the owner and the mechanics and material men who may have liens upon the building. A contract may, perhaps, be so drawn that the specification

shall form no necessary part of the contract within the purview of this act. They may constitute no essential part of the contract as between the owner and lien holder. But the contract in the present case in express terms declares, that the specifications and plans, signed by the parties, shall be made and considered to be a part of the agreement. It further declares, that the builder shall find and provide at his own proper cost and expense, all the materials, of every kind and description, necessary for the erection of said house, according to the said plans and specifications, except where it is otherwise stipulated, expressed, or agreed, in and by said specifications. What part of the materials are to be furnished by the builder appears not by the contract, but by the specifications, and for aught that appears by the contract, the very materials which form the subject matter of the present claim may not have been furnished in pursuance of the contract and consequently the building may be liable to the lien. The legislature could never have intended that the persons doing work or furnishing materials for a building should be driven to an action in order to discover whether or not their claims constituted a valid lien upon the building. The beneficial design of the act must have been to enable parties interested, before the work was done or materials furnished, to ascertain whether they must look to the responsibility of the builder or may rely upon the security of the building itself. Where, therefore, the material provisions of the agreement are contained only in the specifications, they become an essential part of the contract, and must be filed in order to meet the requirements of the statute. Without them the contract, in contemplation of the statute, is not filed.

But the defendant insists that, though his pleas be insufficient, judgment must nevertheless be for the defendant, on the ground that the declaration is defective in substance. The statute provides that the lien may be

enforced by suit, which shall be commenced against the builder and the owner of the land and building. The suit is against the owner and the administrators of the builder.

The lien and the mode of enforcing it are creatures of the statute. They are unknown to the common law. The statute charges the property of one man with the debt of another. Though the owner may have paid the contractor in full for the erection of the building and for all the materials used in its construction, his property is nevertheless charged by the default of the contractor with the repayment of the debt. It gives preference to one class of creditors over another. The man who has furnished a brick, or a stone, or a plank, for the erection of the building, or who has labored a day in its construction, is secured his remuneration in full, while those who have furnished provisions for the owner and his family, who have supplied them with the necessaries of life, or who have toiled in their service, are deprived of all means of recompense until the favored creditors are satisfied. It reaches to the claims of mortgage and judgment creditors, and supersedes even these encumbrances, if created after the building is commenced, in favor of the subsequently created debts of a favorite class of creditors. It gives to the favored creditor a remedy not only against his debtor, but against an innocent third party, with whom he has never contracted, and for whom he has never labored. It gives him a cumulative remedy, which, if enforced, may compel the owner to pay a debt which he has once satisfied in full; and it may be, as in this instance, that this hardship will result from mere inadvertence in filing his contract, or from misapprehension of the precise meaning of a statute.

These suggestions are not made with the design of impugning the wisdom or the policy of the law, but to show that the statute is not of that purely remedial character which calls for a peculiarly liberal construction at the hands of the court. The statute has prescribed the mode.

of proceeding to enforce the lien. It has directed, in explicit terms, that the remedy shall be by suit against the builder and owner.

The former lien law, which was repealed and superseded by the existing law, authorized the suit to enforce the lien, to be not only against the debtor and owner, but against their executors or administrators. *Rev. Stat.* 742, § 2. There may have been design, on the part of the legislature, in restricting this peculiar remedy to the builder and owner, to the exclusion of their representatives. Nor is it difficult to conceive reasons why this should have been done. But it is enough to say *ita lex scripta est.*

Neither a sound construction of the statute, nor the promotion of the ends of justice requires that the statutory remedy should be extended beyond the obvious design and clear requirements of the law.

There must be judgment for the defendant.

CITED *in Babbitt* v. *Condon,* 3 *Dutch.* 162; *Budd* v. *Lucky,* 4 *Dutch.* 485; *Robins* v. *Bunn & Barber,* 5 *Vr.* 325; *James R. Dey, In re,* 9 *Blatch.* 292.