WILLIAM BARTLEY v. THEODORE S. SMITH AND MARY M. GURNEE.

If a claimant under the mechanics' lien law, with full knowledge of all the facts, files a lien-claim, and brings suit against the wrong person, as builder, an amendment will not be allowed at the trial, substituting the name of the person who contracted the debt.

On case certified from the Warren Circuit Court.

Argued at February Term, 1881, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *J. G. Shipman & Son.*

For the defendants, *M. Wyckoff.*

The plaintiff filed a mechanics' lien for $770.23, and brought suit thereon against Theodore S. Smith, as builder, and Mary M. Gurnee, as owner, for machinery and fixtures furnished by him and put in a mill on the land of Mrs. Gurnee, a married woman. There was no consent in writing for the erection of the mill. Theodore S. Smith, who is the father of Mrs. Gurnee, made an agreement in writing with Frank Ward to put the machinery and all things necessary for milling purposes in the mill, which was not filed until after they were furnished. Ward bought all the machinery

and fixtures of William Bartley, the plaintiff, and put them in the mill. Bartley demanded payment of Ward, obtained from him an order on Smith for $500, which was not paid, because Ward had received all due him but $80, which balance was paid on account of the order, and Ward being irresponsible, this lien was filed.

At the trial it was ruled that Smith could not be held under the statute, as builder, because the plaintiff's contract was with Ward to furnish materials for the mill. The plaintiff's attorney moved to amend all the proceedings by striking out the name of Theodore S. Smith and inserting the name of Frank Ward, as builder, in the lien-claim, summons, pleadings, &c. This motion to amend was reserved and certified to this court.

The opinion of the court was delivered by

SCUDDER, J. The statute relating to mechanics' liens requires that the lien-claim shall, among other things, contain the name of the person who contracted the debt, or for whom, or at whose request the labor was performed, or the materials furnished for which such lien is claimed, who shall be deemed the builder. It is essential that the proper person shall be named as builder, in order to make the land of the owner liable for the indebtedness contracted by another. The remedy is statutory and the formalities prescribed must be strictly pursued to reach the land. *Ayres* v. *Revere*, 1 *Dutcher* 474; *Associates* v. *Davison*, 5 *Dutcher* 415.

In this case the true builder has not been named in the lien-claim, or in the summons and subsequent proceedings. There can, therefore, be no recovery under the statute unless the amendment asked shall be made, substituting another party on the record. That the court has large powers to make amendments in lien cases is manifest, for section 20 of the mechanics' lien law (*Rev., p.* 673,) says that it shall be lawful for the court, or any judge thereof, at all times, to amend all defects and errors in any suit or proceeding under this act, so that the merits of the controversy between the parties

Bartley v. Smith.

may be determined, with or without costs, and upon such terms as to the court or judge may seem fit. These terms are quite as comprehensive as those used in section 138 of the Practice act (*Rev., p.* 869,) which have been construed so liberally in *Farrier* v. *Schroeder*, 11 *Vroom* 601, as to allow an amendment of the record at the trial, and after a motion to nonsuit, by striking out the name of the sole plaintiff in the cause, and inserting the name of another person as plaintiff. Here, there are two defendants, and the amendment asked as to one is essential, so that the merits of this controversy may be determined as to the other defendant, who is so joined that they cannot be separated in the action. This section relates to *any suit or proceeding* under the act, and section 14 extends the power of amendment at any time before judgment, to *the lien-claim*, on reasonable notice to all parties interested. This latter section remedied the objection to the amendment of the lien-claim, which was sustained in *Vreeland* v. *Boyle*, 8 *Vroom*, 346, that it was not a part of the proceedings in the suit, but a record in the county clerk's office, and therefore not amendable under the sections of the Practice act relating to amendments of any proceedings in civil causes   It is added to this fourteenth section, that a justice of this court may order such lien-claim to be amended whenever it shall appear to him that such amendment can be justly made. It is probable that this qualification of the power granted was added because the bill of particulars and statements are required to be verified by the oath of the claimant, or his agent, and if they contain any wilful or fraudulent misstatements of the matters directed to be inserted therein, the building or lands shall be free from all lien for the matters in such claim. It must also have regard to the peculiar position of the land-owner whose lands may be charged with the whole amount of the lien-claim after he has paid in full the person with whom he contracted for the labor and materials; and also to the rights of third parties who, as purchasers or encumbrancers, have become interested and may be prejudiced by alterations of the record; and also to surprise, delay, and

expense caused by the amendment.    This is, therefore, not an
ordinary case of amendment of the proceedings in a cause in
court, but it must appear that the amendment asked for can
be justly made with due regard to the position and rights of
all parties.    Putting aside the peculiar hardship imposed by
the act on the land-owner of having the land charged with
the debt of another which may have been once paid by him,
and that in this case the land-owner is a married woman who,
unlike other land-owners, will be taken to consent to the im-
provement, unless she file a dissent in writing—for these
statutory provisions cannot be construed to be intended to
work injustice to any one—yet it seems to me under these con-
ditions that a stricter rule should be applied in allowing
amendments to be made, and that it should appear that the
applicant has been vigilant in the prosecution of his legal
rights.    The plaintiff made his contract with Frank Ward,
but filed his lien and brought his action against Theodore S.
Smith, a man who was neither builder nor owner, and against
whom he could have no cause of action.    With full knowl-
edge of the facts, the plaintiff has chosen to make his claim
under oath and bring his action against two persons—Theo-
dore S. Smith and Mary M. Gurnee—with whom he has had
no direct dealings, and of whom only the latter could be held
by a compliance with statutory requirements, from her rela-
tion to the true debtor, and the property improved.

This case presents the question whether a party to an
action may commit any and every error in practice, whether
in form or substance, and make any misstatement of his
cause of action, under oath or otherwise, charge whomsoever
he will to be his debtor, and claim the right to amend under
the statute.

There is a wide difference between a mere mistake and a
known misstatement—between a mere error that may happen
to any one, however careful he may be in the preparation of
a cause, and carelessness which cannot be excused.    The
statute provides for these differences by making the order for
amendment discretionary with the court, for it says (section

14) the court *may* order the lien-claim amended whenever it shall appear that such amendment can be justly made. In my judgment it would be a bad precedent, and an unjust exercise of the discretion given to the court, to permit the plaintiff now to amend his lien-claim and issue a summons against Frank Ward, his only debtor, for the purpose of charging the lands of Mrs. Gurnee under the statute, when, with knowledge of all the facts, he has first charged another as his debtor.

The Circuit Court is advised that the order for the amendment should be refused.