CHARLES H. SHOEMAKER, TRADING AS C. H. SHOE-
MAKER LUMBER COMPANY, APPELLANT, v. MARTIN
MALONEY, 2d, OWNER; P. FREDERICK GOUGH,
BUILDER; MARTIN MALONEY, MORTGAGEE, RE-
SPONDENTS.

Argued October 22, 1925—Decided March 26, 1926.

A mechanics' lien is separate and distinct from the debt on which
the lien is based, and, while it is recognized that the lienor can
have no more than one satisfaction for the debt due him, the
lienor is not stopped from enforcing his lien against the prop-
erty by the fact that he has recovered a personal judgment for
the amount due against the builder to whom he supplied the
labor or materials.

On appeal from the Cape May County Circuit Court.

For the appellant, *F. Stanley Kreps.*

For the respondents, *Cole & Cole.*

The opinion of the court was delivered by

KALISCH, J. The plaintiff in the court below appeals
from a judgment entered upon a verdict directed against
him in the Cape May County Circuit Court in favor of the
defendants below.

The facts are these: The appellant furnished lumber to
Gough, a builder, to be used by the latter in the building he
was constructing for Martin Maloney, 2d, owner. The ap-
pellant filed a lien claim within the period required by law
and a bill of particulars, which states that the materials were
furnished between the 22d day of March, 1923, and the 5th
day of January, 1924. The lien claim was filed within four
months from the time the last of the materials were furnished.
It appears that before the institution of the present action on
the lien claim, the validity of which was not contested, the
plaintiff brought his action in the Supreme Court against

Gough, alone, to recover upon the same claim and items as set forth in the present suit and recovered a judgment against him, issued an execution thereon and a levy was made thereunder upon his property, which execution was returned unsatisfied. On the proof of these facts the trial judge directed a verdict for defendants.

In support of the action of the trial judge it is argued, by respondents' counsel that the plaintiff debarred himself from prosecuting his suit upon his lien claim, for the reason that he having brought an action in the Supreme Court against Gough, alone, to recover for the same items embraced in the lien claim, and having obtained a personal judgment against him in that action, he must be deemed to have elected his remedy and to have waived any right of action that he had on his lien claim as against Gough, as builder, Maloney, 2d, owner, and Martin Maloney, mortgagee. The trial judge appears to have taken this view, which we deem to be unsound. While it is true that Gough is a defendant in the present case, he was made such in the capacity of builder, who purchased the materials for the construction of the building, but, nevertheless, he was, individually, legally obligated to pay the plaintiff for the materials delivered to him, and irrespective of the fact whether or not the plaintiff was entitled to a lien upon the building for the construction of which the materials were purchased and used. It does not, therefore, seem to be of any vital importance whether or not the plaintiff, before proceeding to enforce his lien claim upon the building, sued Gough upon his general indebtedness, which embraced the items of the lien claim, and obtained judgment therefor. While the judgment is conclusive as to the amount due between the parties to the action in which such judgment was rendered, it was without force as against Maloney, 2d, as owner, and Maloney as mortgagee. It was open to the latter to contest the correctness and cost of the items of materials supplied to Gough for the construction of the building. Gough filed no answer to the action to enforce the lien claim. The Maloneys, Martin Maloney, 2d, owner, and Martin Maloney, mortgagee, allege their defense

to be as follows: "Defendants say that heretofore, and before the institution of this suit, plaintiff brought his action in Supreme Court of the State of New Jersey against P. Frederick Gough, alone, to recover upon the same claim and items as set forth in this suit, and such proceedings were had that judgment was recovered and plaintiff-claimant issued execution thereon, and has levied upon all the property of said Gough to answer said judgment and the amount due thereon." Upon what legal theory this constituted a valid bar to the plaintiff's action has not been convincingly demonstrated upon the argument, nor in the brief of the defendants' counsel. It is readily conceivable that, if the judgment has been paid, it would have constituted a valid bar, but, otherwise not. The plaintiff had his action at common law against Gough, but not against either one of the Maloneys, for the materials sold to Gough, and, in addition thereto, he had a statutory remedy against Gough, as builder, and the Maloneys, respectively, as owner and mortgagee, under the Mechanics' Lien law.

The "Mechanics' Lien" statute is entitled "An act to secure to mechanics and others payment for their labor and materials in erecting any building." Now, it has always been the policy of our courts to construe the provisions of the statute in such manner, so as to give effect to the purpose of this legislation. The statute, in substance, declares that every building to be erected shall be liable for the payment of any debt owing to any person for labor performed or materials furnished in the erection and construction thereof, which debt shall be a lien on such building, and on the land whereon it stands, except in the case where there is a contract and specifications on file, the land and building shall be liable to the contractor alone. Thus, it is quite clear that the building and land become security for the payment of the debts of the laborers and materialmen, except in cases where a contract and specifications are on file. How, then, does the instant case differ materially, in principle, from the principles governing the activities and duties of suretyship? While according to the doctrine of suretyship, as generally

understood, individual liability is pledged, under the Mechanics' Lien act the property is the pledge or security. The familiar legal rule of suretyship that a creditor must ·first resort to exhaust his remedy against the principal debtor, except where there is an absolute guarantee of payment, before calling upon his surety to pay, while not applicable to the instant case, in the sense that there was any such duty devolved upon the plaintiff here, it is only referred to *arguendo* to illustrate a salutory rule of common sense business conduct incorporated into a steadfast legal rule, and to expose the fallacy of the contention made, by the defendants' counsel, that because the plaintiff endeavored to collect his claim from the builder, the principal, who contracted the debt, which, if the effort had been successful, the defendants, owner and mortgagee, would have benefited by the transaction, and the property discharged from. the lien, but, because the plaintiff's effort proved unsuccessful, therefore, it should be held that he elected his remedy and waived his right to proceed against the defendants under the lien claim. To give heed to any such contention is to run counter to the spirit and equity of the statute. In *Anderson* v. *Huff,* 49 *N. J. Eq.* 349, where a stop-notice was given by a mechanic to the owner of a building under the Mechanics' Lien law, and afterwards sued the contractor, and the claim was made that he had waived his claim against the owner, Chancellor McGill (at *p.* 355) said: "The fact that, subsequently, the persons who gave notice to Mrs. Green sued the contractor and recovered judgments for the amounts which they respectively sought to obtain by notice, does not destroy the rights acquired by the notices. The judgments served to establish the amount as justly due from the contractor."

There was no election or waiver in the present case to be implied from the fact that the plaintiff obtained a judgment for the same debt against Gough, and which indebtedness is made the subject of the lien claim procedure. The two actions are fundamentally different in character. One is *in personam* and the other *in rem.* It is very much like the situation which once existed in this state in relation to

actions brought against a defaulting mortgagor. It was permissible at common law, for no well-considered case can be found holding otherwise, that an action could be, simultaneously, maintained upon the bond for the debt, and in ejectment to recover possession of the premises mortgaged, and a suit in Chancery to foreclose the mortgage. It required the passage of the statute of March 23d, 1881 (*Gen. Stat., p.* 2112), to regulate the matter by providing "that in all cases where a bond or mortgage has been given for the same debt, all proceedings to collect said debt shall be first to foreclose the mortgage." It never was suggested in any of the cases arising under the common law, nor since the passage of the act that by the foreclosure of the mortgage the mortgagee had elected his remedy, and, therefore, could not pursue the sureties on the bond for the debt or deficiency which might arise upon the sale of the premises.

It is plain that the Mechanics' Lien statute, in legal effect, did nothing more than to provide a cumulative and concurrent remedy to mechanics and materialmen. The doctrine governing its operative effect is clearly and well stated in 18 *Rul. Cas. L.* 980, § 122, as follows: "A mechanics' lien is separate and distinct from the debt on which the lien is based, and, while it is recognized that the lienor cannot have no more than one satisfaction for the debt due him, the weight of authority is that the lienor may proceed to enforce his lien, and, simultaneously, bring an action to recover a personal judgment for the amount due. The enforcement of the lien is a cumulative remedy provided by statute, an incidental accompaniment of the contract which may be pursued in connection with ordinary remedies."

Consequently, it is quite patent that the theory broached, on behalf of respondents, that the plaintiff was estopped to proceed to the enforcement of his lien claim against the property upon which it rested, because he had elected to pursue his claim founded upon the same debt as was that of the lien, to the extent of taking a judgment and issuing execution thereon, is without substance, since it appears that there is absent, in the case here, one of the vital elements

necessary to constitute an election of remedies, which will act as an estoppel, in that the remedies resorted to by the plaintiff are inconsistent with each other, and surely the obtaining of a personal judgment against the contractor for the same debt upon which the lien was founded, and the action to enforce that lien against the property cannot be said to be inconsistent remedies, for, after all, the plaintiff can have only one satisfaction of his claim.

Judgment is reversed, to the end that a *venire de novo* be awarded.

*For affirmance*—Parker, Black, Campbell, JJ.  3.

*For reversal*—The Chief Justice, Trenchard, Minturn, Kalisch, Katzenbach, Gardner, Van Buskirk, McGlennon, Kays, Hetfield, JJ.  10.