WHITE & SHAUGER, INCORPORATED, PLAINTIFF, v. F. HOWARD STRAIT ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided January 20, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *Theodore E. Dennis.*

For the respondent, *J. Vincent Barnitt* and *Dolan & Dolan.*

PER CURIAM.

The plaintiff corporation brought this suit against the defendant Strait to recover the value of certain materials which were sold by it to one Paul Berghofer and installed in a dwelling house which was being erected by the defendant on a plot of land owned by him and located in the borough of Hamburg, in Sussex county. The suit is a mechanics' lien suit, the plaintiff averring in its complaint that, although the materials were sold by it to Berghofer and were installed by him in the dwelling house of Strait, the latter is liable under the Mechanics' Lien law for the price of the materials, and that the land upon which the building was being erected is subject to a mechanics' lien to the amount of the value of the goods furnished by it to Berghofer and installed in the building. Berghofer was not made a party defendant to this suit. At the trial of the case a motion was made on behalf of the defendant Strait that the jury be instructed to return a verdict in his favor because the proofs disclosed no liability

on his part and no right on the part of the plaintiff to enforce its claim against the building and curtilage of the defendant. This motion was denied, and the court, in response to a counter-motion made by counsel for the plaintiff, directed a verdict in its favor for the amount of its claim. The present appeal is from the judgment entered upon the directed verdict.

In our opinion, the action of the trial court was plainly erroneous. The fact that Berghofer, after purchasing these materials from the plaintiffs, installed them in the building of the defendant Strait under a contract with the latter imposed no liability on the part of the defendant to pay Berghofer's debt to the plaintiff, nor did it entitle the plaintiff to payment out of the property of the defendant in which the materials were used, unless it first acquired a lien thereon in accordance with the provisions of our Mechanics' Lien law. Section 16 of that statute (*Comp. Stat., p.* 3303) provides that "every person intending to claim a lien under the provisions of this act shall, within four months after the labor is performed or the materials furnished for which such lien is claimed, file his or her claim in the office of the clerk of the county where the building and the land subject to such lien is situate, which claim shall contain a description of the building and of the lot or curtilage upon which the lien is claimed, the name of the owner of the land on which the lien is claimed and the name of the person who contracted the debt." There is no averment in the complaint that a lien claim was filed against this property by the plaintiff, nor is there a scintilla of evidence that such was the fact. In the absence of such averment and proof, the presumption is that no lien claim was filed; and, this being so, the plaintiff is not entitled to collect out of the land of the defendant the price of the materials sold by it to Berghofer and used by the latter in the construction of the defendant's building.

For the reason indicated the judgment under review will be reversed.