PASSAIC-BERGEN LUMBER COMPANY, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DAVID CURRIE, BUILDER, DEFENDANT, AND STANDARD OIL COMPANY OF NEW JERSEY, OWNER, DEFENDANT-APPELLANT.

Submitted October 14, 1932—Decided June 6, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Harold M. Kain (Fred. G. Stickel, Jr.,* of counsel).

For the respondent, *Harry Loeb.*

The opinion of the court was delivered by

TRENCHARD, J.  On March 28th, 1931, the Standard Oil Company of New Jersey entered into a contract with David Currie, for the construction of a service station in Ridgewood, New Jersey.  The contract and specifications were filed with the county clerk of the county of Bergen on May 11th, 1931.

The plaintiff below, the Passaic-Bergen Lumber Company, furnished materials to Currie under a contract with him, which were used in the construction of the service station, such materials being furnished between April 22d, 1931, and September 2d, 1931, the price thereof being $333.79; and in this suit, in the District Court, sought and obtained a statutory lien and a special judgment against the land and building of the Standard Oil Company. The latter appeals.

We think such special judgment was not justified, in view of the stipulated facts. It appears that on April 15th, 1931, the Passaic-Bergen Lumber Company filed a so-called statutory notice of intention in the office of the county clerk, which notice set forth the Standard Oil Company of New Jersey as the one to whom the materials were to be furnished, instead of David Currie, the contractor, to whom the lumber company had contracted to supply the materials; that such notice did not set forth or mention the name of David Currie, the person to whom the materials were sold and the person who contracted for them; that there was no contract or agreement between the lumber company and the Standard Oil Company for the sale and purchase of such materials.

Now in order for the plaintiff lumber company to be entitled to such a lien and special judgment by virtue of its having supplied materials for the building which was being erected by Currie, the general contractor, under his contract with the defendant Standard Oil Company, it was necessary that the plaintiff show that it had complied with section 1, chapter 212 of the laws of 1930 (page 972), which requires that the notice of intention filed by a mechanics' lien claimant, must set forth "the name of the one for whom the labor is to be performed or to whom the materials are to be furnished," and that it did not do. Its notice of intention erroneously stated the name of the one to whom the materials were to be furnished as the Standard Oil Company of New Jersey, instead of David Currie, the general contractor with whom the plaintiff had contracted to supply the materials. In view thereof the finding of the trial judge (sitting without a jury) should have been in favor of the defendant-

appellant (as contended by it), and not in favor of the plaintiff.

It is apparent that the plain legislative intent in the provisions contained in the foregoing act, was to require the materialman to file his notice of intention in exact compliance with the statute and that in default thereof no lien can arise. The language of section 1 is so clear and definite on this question that the only permissible construction is that, in the words of the statute, "no one shall be entitled to a lien * * * prior to the filing in the office of the clerk of the county wherein the land and building to be affected by such lien is situate, a mechanic's notice of intention to perform such labor or furnish such materials," which "shall contain" among other things "the name of the one for whom the labor is to be performed or to whom the materials are to be furnished."

The decisions holding that the Mechanics' Lien act provides a strictly statutory remedy and must be strictly construed are numerous. Thus in *Dalrymple* v. *Ramsey,* 45 *N. J. Eq.* 494, the court said:

"The lien and mode of enforcing it are creatures of the statute. *Ayres* v. *Revere,* 1 *Dutch.* 474, 481. The lien is just what the statute makes it. The courts have no power either to enlarge or lessen it. Independent of the statute, a debt contracted in the erection of a building stands no higher, in point of natural justice, than many other debts, and the lienable quality of such a debt should, therefore, be rigidly restricted to just what the legislature had made it."

Again *Weinberger* v. *Goldstein,* 106 *N. J. Eq.* 489; 151 *Atl. Rep.* 397, holds that the terms of the Mechanics' Lien statute must be strictly complied with.

The plaintiff-respondent seems to contend that an amendment of the notice of intention might have been made in the District Court. But it is unnecessary to determine that question for the reason that an examination of the state of the case shows that no such application was made.

Also the plaintiff argues that the notice of intention was sufficient because, as it contends, Currie, the general contractor, was the agent or employe of the owner, the Standard Oil

Company. We think that contention fallacious. The fact that Currie had a contract to construct the building for the owner does not make him the owner's agent for the purpose of evading the requirements of the statute. The fact that the Standard Oil Company contracted with Currie does not make Currie the agent or employe of the Standard Oil Company, but rather gives rise to the contractual relationship of obligor and obligee, and thereunder no liability or obligation running to the materialman could exist either at common law or under the statute on the part of the owner by reason of the contract entered into between the owner and the builder. It seems, therefore, the construction which we have given the language of the statute is the one required by its plain language.

Since, in our view, the judgment against the appellant cannot be sustained, and since the facts were stipulated, the judgment must be reversed, with costs.