59 N.J. Super. 19 (1959)
157 A.2d 36
J.T. EVANS CO., PLAINTIFF,
v.
MICHAEL J. FANELLI AND HENRIETTA FANELLI, HIS WIFE; AND RICHARD T. SWOPE AND KATHRYN A. SWOPE, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided December 21, 1959.
*21 Messrs. DuBois, Maiale and DuBois (Mr. Madison S. DuBois appearing), attorneys for plaintiff.
Messrs. Kisselman, Devine and Deighan (Mr. Neil F. Deighan, Jr., appearing), attorneys for defendants Michael J. Fanelli and Henrietta Fanelli, his wife.
Mr. Donald R. Taggart, attorney for defendants Richard T. Swope and Kathryn A. Swope, his wife.
DZICK, J.C.C.
This is a complaint in the nature of a declaratory judgment to determine the priority between the plaintiff, as a mechanics' lien judgment creditor, and the defendants, who claim title through a judicial sale under a levy execution and sale of certain realty upon a general judgment, involving the same real estate.
The question to be determined is whether a sale on execution under a general judgment, at which sale the general judgment creditor purchases the properties against which a mechanics' lien judgment was entered, prior to the entry of the general judgment, extinguishes the lien of the mechanics' lien judgment, where no levy or execution has been issued under the mechanics' lien judgment.
The facts of this matter have been stipulated. Briefly, on August 23, 1956 the plaintiff filed mechanic's notices of intention against 6119 Roosevelt Avenue and 4030 King Avenue, Pennsauken, New Jersey, on property owned by Walter S. Riedinger, and Henrietta Riedinger, his wife. On April 12, 1957 plaintiff filed a lien claim against these properties, which lien claim was extended by written agreement, and on November 25, 1957 a judgment was entered *22 in the lien claim proceedings generally against the builder, Wynnewood Homes, Inc., in the sum of $2,546.91 plus costs, and specially against the property at 6119 Roosevelt Avenue in the amount of $1,095.37, and specially against the property at 4030 King Avenue in the amount of $1,451.54, and the judgment provided that execution may issue pursuant to N.J.S. 2A:44-109. The lien claim was subordinate to a mortgage in the face amount of $16,500 on both properties.
On March 11, 1958 the defendants Michael J. Fanelli and Henrietta Fanelli, his wife, recovered a general judgment in the amount of $1,420, plus $75.97 costs, against the property owners, Walter S. Riedinger, Sr. and Henrietta Riedinger, his wife, which judgment was for a deposit paid on one of the properties. On March 18, 1958 the defendants Fanelli caused a writ of execution to be issued on their judgment and the levy was made on both of said properties and, after advertising as required by law, the properties were sold by the Sheriff of Camden County to the Fanellis on May 9, 1958, subject to the mortgage.
The plaintiff made no levy and issued no execution on its mechanic's lien judgment, and the plaintiff had no actual knowledge of the sale by the Sheriff of Camden County to the Fanellis.
There are generally three kinds of liens recognized in our judicial system: (1) common law, (2) equitable, and (3) statutory. There is, of course, no common-law lien under which the plaintiff could claim any right of priority for the payment of materials furnished by it in the construction of the homes on the lands in question, nor is the plaintiff entitled to an equitable lien by reason of supplying the materials to the builder contractor. It becomes apparent, therefore, that the lien, if any, to which plaintiff was entitled must be a statutory lien and must arise as a result of N.J.S. 2A:44-64 et seq., commonly referred to as the Mechanics' Lien Act. The plaintiff, if it is entitled to any priority, is so entitled by virtue of said act, and is entitled also only to a statutory lien.
*23 Generally, common-law liens pertained exclusively to personal property, and normally required for their continued efficacy a continuance of possession in the lienor. Over the years, however, the word has acquired much more extended significance and is now generally recognized as a charge upon a particular piece of property, including realty, for the payment or discharge of a particular debt or duty in priority to the general debts or duty of the owner. 33 Am. Jur., Liens, p. 421.
A lien has been defined as follows:
"Derivatively, the word `lien' means a `string,' a `tie,' a `bind.' Century Dictionary. Stansbury v. Patent Cloth Manufacturing Co., 5 N.J.L. [*]433. In its pure legal sense it `implies that one is in possession of property of another, and that he detains it as security for some demand which he has in respect to it. * * *'" (Lanterman v. Luby, 96 N.J.L. 255, 257 (E. & A. 1921).)
The purpose of the Mechanics' Lien Act is very aptly expressed in Friedman v. Stein, 4 N.J. 34, 40-41 (1950):
"The mechanic's and materialman's liens had their genesis in the civil law. They are unknown to the common law; and they had no recognition in equity except as prescribed by statute. South Fork Canal Co. v. Gordon, 6 Wall. 561, 18 L.Ed. 894; Van Stone v. Stillwell & Bierce Mfg. Co., 142 U.S. 128, 12 S.Ct. 181, 35 L.Ed. 961; Brescia Construction Co. v. Walart Construction Co., 264 N.Y. 260, 190 N.E. 484; 93 A.L.R. 1148. Thus it is that these liens are exclusively statutory in origin; and, being in derogation of the common law, the provisions of the statute giving rise to the lien are to be strictly construed, while the provisions for the enforcement of the lien thereby created are to be liberally construed to effectuate the remedial statutory policy of providing priority of payment of the price or value of work performed and materials furnished in the erection or reparation of a building or other structure and this wise the security of the land and buildings for the payment of that which has made for an assumed enhancement of the value of the property. Ayres v. Revere, 25 N.J.L. 474, 481 (Sup. Ct. 1856); Dalrymple v. Ramsey, 45 N.J. Eq. 494 (Ch. 1889); American Brick & Tile Co. v. Drinkhouse, 59 N.J.L. 462 (E. & A. 1896); Shoemaker v. Maloney, 102 N.J.L. 363 (E. & A. 1926); Weinberger v. Goldstein, 106 N.J. Eq. 489 (Ch. 1930); Passaic-Bergen Lumber Co. v. Currie, 111 N.J.L. 63 (Sup. Ct. 1933); Fidelity & Deposit Co. of Maryland v. McClintic-Marshall Corporation, *24 115 N.J. Eq. 470 (Ch. 1934), affirmed 117 N.J. Eq. 440 (E. & A. 1935); Belmont Coal & Lumber Co. v. James F. Wood Builders, Inc., 125 N.J.L. 315 (Sup. Ct. 1940)."
The claim by a supplier for materials furnished is an inchoate lien until all statutory requisites are met, at which time the statutory lien arises.
"The claim for labor and materials is a property right which does not ripen into an enforceable lien on the land and building until there has been substantial compliance with all the statutory conditions prerequisite. This is a familiar rule of construction. It is fundamental that the lien does not materialize until all the statutory requisites are met. This by legislative ordinance. Bartley v. Smith, 43 N.J.L. 321 (Sup. Ct. 1881); Bayonne Building Ass'n. v. Williams, 59 N.J. Eq. 617 (E. & A. 1899); McNab & Harlin Mfg. Co. v. Paterson Building Co., 72 N.J. Eq. 929 (E. & A. 1907); J.C. Vreeland Building Co. v. Knickerbocker Sugar Refining Co., 75 N.J.L. 551 (E. & A. 1907); Austin v. Leer, 101 N.J.L. 53 (Sup. Ct. 1925); West Jersey Homeopathic Hospital v. Gibbs, 103 N.J. Eq. 262 (Ch. 1928); White & Shauger, Inc., v. Strait, 10 N.J. Misc. 133 (1932); Passaic-Bergen Lumber Co. v. Currie, supra. The statutory lien is separate and distinct from the underlying debt; the lien affords a cumulative remedy for the enforcement of the debt. Shoemaker v. Maloney, supra. The claimant's status is that of a general creditor until those things are done which give him the security of the statutory lien. Until then, the lien is inchoate merely." (Ibid. 4 N.J., at page 41.)
In this case no question is raised that all statutory requirements have not been met. The claim was reduced to judgment, and said claim is now merged in the judgment.
Does a sale under a general judgment extinguish the mechanic's lien reduced to judgment? N.J.S. 2A:44-110 provides as follows:
"When a special writ of execution has issued under this article, the sheriff or other officer shall advertise, sell and convey the building and land in the same manner as in the case of other execution sales. The deed given by the sheriff or other officer shall convey to the purchaser the estate which the owner had in the land at the commencement of the building or improvement or which he subsequently acquired, and also in the building, subject only to all mortgages and other encumbrances created and recorded or registered prior to the *25 commencement of the building or improvement, and also, subject to the lien of any mortgage given and recorded or registered under the circumstances contemplated by and in conformity with the provisions of sections 2A:44-87 to 2A:44-89 of this title. In case of gearing or machinery, the bringing of the same upon the premises shall be such commencement."
The statute requires the sale and conveyance of the land and buildings in the same manner as in the case of other execution sales where a special writ of execution has issued. The special writ is predicated upon the special judgment which encumbers the land of a person who did not contract the debt. The title received by the purchaser under the deed of execution relates back and the purchaser receives such title as the owner had at the commencement of the building or improvement, subject to mortgages or other encumbrances recorded prior to the commencement of the building, and subject to any subsequent mortgage given in conformance with the mechanics' lien statute. At the time this statute was passed, the Legislature was cognizant of N.J.S. 2A:17-39, which provides as follows:
"Whereas, other judgments, and recognizances, besides those or some of those, by virtue whereof the sale aforesaid was made, might affect the real estate so sold, if no provision be made to remedy the same, and whereas, the persons who have not taken, or will not take out executions upon their judgments, or recognizance, ought not to hinder or prevent such as do take out executions from having the proper effect and fruits thereof, therefore, in any such case, the purchaser, his heirs and assigns, shall hold the lands, tenements, hereditaments, and real estate by him or her purchased as aforesaid, free and clear of all other judgments and recognizances, whatsoever, on or by virtue of which no execution has been taken out and executed on the real estate so purchased."
If the Legislature intended that "all other judgments and recognizances, whatsoever," as found in N.J.S. 2A:17-39, include mechanic lien judgments, there would be no necessity for N.J.S. 2A:44-110, because priority of liens is determined by the date as of which they attach to the property involved. Majewski v. Greenberg, 101 *26 N.J. Eq. 134 (Ch. 1927); and under N.J.S. 2A:17-39, executions against real estate have priority according to the time of their delivery duly recorded by the sheriff irrespective of the dates of the judgments. McAdams v. Mundy, 79 N.J.L. 480 (E. & A. 1910). The Legislature must therefore have intended that although by the judgment the original cause of action is extinguished and a new cause of action is created, advantages to which the plaintiff was entitled with respect to the original cause of action may not be destroyed by the judgment. Thus, if a creditor has a lien upon the property of the debtor and obtains a judgment against him, he does not thereby lose the benefit of the lien. Restatement of the Law, Judgments, sec. 47(d). To hold otherwise would thwart the legislative purpose of the mechanics' lien statute. Good conscience dictates that the defendants should be subrogated to any payment that they made on the prior mortgage and any taxes that they paid since acquiring title and no costs to be taxed. Jackson Trust Co. v. Gilkinson, 105 N.J. Eq. 116 (Ch. 1929). The court determines that an execution on plaintiff's judgment after defendant's sale relates back over defendant's rights, subject to any payments hereinabove mentioned to which the defendant is entitled to be subrogated.
Counsel may prepare an order in accordance with the above findings.